MEREDITH HAWKINS, plaintiff in error, *v.* SILAS N. BERRY, defendant in error.

*Error to Franklin.*

To constitute a warranty, the term *warrant* need not be used, nor is any precise form of expression required; but there must be an affirmation as to the quality, or condition of the thing sold, (not asserted as a matter of opinion or belief,) made by the seller at the time of the sale, for the purpose of assuring the buyer of the truth of the fact affirmed, and inducing him to make the purchase, which is so received and relied on by the purchaser.

ASSUMPSIT, in the Franklin Circuit Court, brought by the defendant in error, against the plaintiff in error, and finally heard before the Hon. William A. Denning and a jury.

The declaration alleged that Berry, at the instance and request of Hawkins, agreed to buy of him a certain horse

for $85, and that Hawkins, by then and there fully warranting the horse to be sound, sold him to Berry for that sum which was paid; whereas,.the horse was, at and after the time of the sale and warranty, unsound, and in consequence of that unsoundness, was wholly lost to Berry.

The defendant pleaded *non assumpsit,* upon which issue was joined. Verdict for the defendant at September term, 1846. The plaintiff moved for a new trial, and at the March term, 1847, filed his affidavit, stating that since the trial he was informed that he could prove that defendant had acknowledged that he traded the horse to plaintiff for a sound horse; that he proved at the former trial that the horse was unsound at the time of sale, and in consequence was valueless; that this suit was instituted for the damages he had sustained, and for money laid out for said horse; that he was unable to prove at the trial that defendant traded him the horse for a sound horse, and it was only since the trial he has learned he could prove the same. The Court granted a new trial, to which the defendant excepted.

At the September term, 1847, the Court ordered that an appeal, in which Hawkins was plaintiff and Berry was defendant, be consolidated with this cause, and that they be tried together. The two causes were then submitted to a jury, and a verdict rendered in favor of the plaintiff for $50. The defendant moved.for a new trial, which was overruled and the defendant excepted.

By the bill of exceptions it appeared that Berry proved by E. H. Foster, that he was present at the time of the sale and heard the contract between the parties. The horse was sold by defendant to the plaintiff for $85; all but $7 of which was paid down. During the time of making the contract, defendant told plaintiff that the horse had always been considered a sound horse, except that he had had an attack of the colic once. The horse was about twenty years old; that at this part of the conversation between the parties, the plaintiff interrupted the defendant by saying, "you need not tell me anything about it, for I know all about that better than you do." Witness had owned the horse a year immediately pre-

ceding the sale to the plaintiff. The defendant had spent the night with witness preceding the sale to the plaintiff, and purchased the horse of him the next morning. Witness had kept the horse for mares that season, and a part of the time he was kept in like manner by Berry, who lived on witness' farm within half a mile of his stable where the horse was kept. He was brought home poor after the season, but had become fat, and had been well taken care of, and thrived well; that nothing had been the matter with the horse, except a little lameness a time or two in one hind leg, which he took to be a spavin; witness believed, at the time of the sale, and still believes, that the horse was sound. The defendant had not seen the horse for six months previous to the sale. The plaintiff had watered and fed him after the season was out, in witness' absence. The defendant did not warrant the horse. The plaintiff did not require any such thing. Witness was the only person present at the sale except the parties. The horse remaining in witness' stable three or four weeks after the sale, he discovered that the horse had the big jaw, and assisted the plaintiff in doctoring it. Not long after, the plaintiff took the horse home and turned him into an open lot, exposed to the weather and mud, when he continued to grow worse until June, when he died apparently of that disease, not being treated by the plaintiff as he had been in the habit of being treated.

S. M. Williams stated that he was acquainted with the diseases of horses, and with the big jaw, which comes on by degrees, and is sometimes two or three weeks seated in the system before it makes its appearance on the jaws, and it frequently manifested itself in one of the hind legs, though the horse will sometimes thrive if kept in a stable.

William Baxter stated that a year ago, when coming to this Court in company with the defendant, he heard him say that he sold the horse to the plaintiff for a sound horse, but recollected nothing else said in that conversation.

William Whitington stated, that after the horse had become poor, the plaintiff made an effort to trade him to witness' father, and to an inquiry by his father how the horse became

so poor, he said that it was occasioned by his being kept in the weather, he not having a stable for him.

This was all the evidence in the case.

Assignment of errors.

1. The declaration is not sufficient in law to authorize the Court to give judgment against the defendant below;

2. In granting a new trial to the plaintiff below;

3. In consolidating with this cause an appeal case where Hawkins was plaintiff, and Berry was defendant, and in trying them together without the consent of both parties;

4. In refusing a new trial to the defendant below ; and

5. In giving judgment for the plaintiff below.

The Opinion of the Court was delivered by

TREAT, C. J.   The only question necessary to be decided in this case is, whether the evidence authorized the verdict of the jury. To sustain this finding, it must appear that Hawkins warranted the horse to be sound. To constitute a warranty, the term warrant need not be used, nor is any precise form of expression required ; but there must be an affirmation as to the quality or condition of the thing sold, (not asserted as a matter of opinion or belief,) made by the seller at the time of the sale, for the purpose of assuring the buyer of the truth of the fact affirmed, and inducing him to make the purchase, which is so received and relied on by the purchaser.   2 Kent's Com. 485 ; Chitty on Con. 135 ; *Osgood* v. *Lewis*, 2 Harris & Gill, 495.   The facts detailed by the witness who was present when the contract was made, clearly show that Berry knew much more about the horse than Hawkins ; and that in making the purchase, the former relied solely on this superior knowledge, and not on any representations made by the latter.   When told by Hawkins that the horse had always been considered as sound, and was of a certain age, he replied that it was unnecessary to tell him any thing, for he knew all about the horse.   The only testimony in the least conflicting with this view of the case is the naked declaration of Hawkins that he sold the horse for a sound one.   This admission was made some time

after the sale, and under circumstances not calculated to impress us with the conviction that there was any warranty as to the soundness of the horse. The witness can state nothing else in connection with the transaction. It is most reasonable to conclude that this declaration in fact corresponded with those made at the sale, and that the witness did not understand or recollect its real import. Declarations of this character, although evidence against the party making them, are entitled to but little consideration when in consistent with the well established facts of the case. But taking the admission in its broadest sense and without reference to the other testimony, it does not make out a case of warranty. It must appear in addition that the purchaser relied on a warranty ; and that the rest of the evidence fails not only to establish this, but on the contrary, shows that not the least reliance was placed on the assertions of the seller respecting the condition of the horse. In our opinion, a new trial should have been granted.

The judgment of the Circuit Court is reversed with costs, and the cause remanded for further proceedings.

*Judgment reversed.*