EDWARD A. WILLIAMS v. JOHN INGRAM.

A general warranty of soundness does not cover defects which are plain and obvious to the purchaser, or which are at the time known to him.

Error from Fayette. Tried below before Hon. J. H. Bell.

Action brought upon a warranty of a slave in the following words : " Which said negro I warrant to be sound in both body and mind," &c.

On the trial, the defence proved that the disease of which the negro died, and its extent, was known to the plaintiff in error ; and that in the words of a witness, they " traded with their eyes open." The Court charged the jury in effect, that

a general warranty of the soundness of a negro did not extend to or cover a particular unsoundness of which the purchaser had knowledge at the time of sale.

There was a verdict for defendant.

*T. J. Harcourt* and *W. G. Webb*, for plaintiff in error.

*A. R. Gates & F. Tate*, for defendant in error.

WHEELER, J.   It certainly was competent to prove the circumstances attending the giving of the bill of sale, not only to show whether there was any deception practiced in obtaining it, but also to show the fact that the plaintiff knew of the unsoundness of the negro at the time of his purchase. It seems to be well settled, that a general warranty of soundness does not extend to or include defects which are at the time known to the buyer.   (Story on Con., Sec. 830 ; Long v. Hicks, 2 Humph. 305.)   It appears that the plaintiff knew of the unsoundness of the negro before he made the purchase ; that he had consulted a physician as to the practicability of effecting a cure, and made the purchase upon the information thus obtained, and upon his own judgment.   The evidence puts it beyond doubt, that the defendant did not intend to warrant against the particular unsoundness which was known to the plaintiff, and which finally occasioned the death of the negro ; and the plaintiff did not purchase, relying upon the warranty to protect him from loss from that unsoundness. The case, therefore, comes clearly within the reason of the general rule, above stated, that a general warranty of soundness does not cover defects which are plain and obvious to the purchaser, or which are at the time known to him.   While this is the general rule, it is at the same time to be observed, that a vendor may warrant against a defect which is patent and obvious, and known to the buyer, as well as against any

other. (Parsons on Con. 459, n. (i.) and cases cited.) And there are cases which have held such defects to be included within an express warranty of soundness. But in the present case it clearly appears, that it was not the intention of the parties that the warranty should include the particular unsoundness which occasioned the loss. We are, therefore, of opinion that there is no error in the judgment, and it is affirmed.

Judgment affirmed.