Asa Marshall, administrator, plaintiff in error, vs. Thomas J. Drawhorn, defendant in error.

When a party seeks to reform a contract, he should state distinctly what the true agreement was, which was intended to be expressed in the writing; and if the bill alleges contradictory statements, the defendant is entitled to abide by that most favorable to him.

Patent defects, to which the attention of the buyer is called, and against which he disclaims all purpose of holding the seller responsible, are not covered by a warranty of soundness.

In Equity, from Taylor county.    Decision on demurrer, by Judge Worrill, at October Term, 1858.

This was a bill in equity, to reform a written contract, (bill of sale of a negro,) and to enjoin an action at law; bill filed by Thomas J. Drawhorn against Asa Marshall, administrator of James M. Marshall, deceased.

The bill states, that on the 14th day of August, 1854, Drawhorn sold a negro boy named Edmund to James M. Marshall, for $800, and executed a bill of sale containing a clause warranting said negro to be "sound and healthy, both in body and mind." That Marshall has since commenced his action at law against complainant, for a breach of this warranty; that said warranty was inserted in said bill of sale, under the following circumstances:    Marshall came to the house of plaintiff; the negro was confined to a tree in the yard, and pending the negotiation, plaintiff called his atten-

tion to his stiff neck, and informed him that he had been re-recently whipped, and that he would not warrant as to the stiff neck and whipping. Marshall agreed to take the negro at $800, and wrote the bill of sale, which plaintiff objected to signing, stating that he would not warrant the soundness of the boy in body; Marshall replied that that was the usual way of writing bills of sale, and as there were witnesses present, who heard the trade, there would be no difficulty about it, and that he would never enforce said warranty; whereupon, plaintiff signed the bill of sale as prepared by Marshall, which he never would have done but for this statement and representation.

That since the commencement of the action at law, James M. Marshall has departed this life, and Asa Marshall, his administrator, made a party.

The bill further charges fraud in procuring the bill of sale.

The bill was amended, stating that plaintiff was not aware of the legal effect of said bill of sale, and was assured by Marshall that it was a mere matter of form to convey the title, and it was solely on this representation that he signed the bill of sale.

The bill was further amended, stating that said bill of sale was executed under a mistake, and by the fraud of Marshall, it being the contract that said negro, being sold at a reduced price, was not to be warranted as to his neck or the consequences of the whipping which he had just received; and after urging plaintiff to sign, Marshall agreed and promised that said warranty should never be enforced as to the diseased neck and the whipping.

To this bill the defendant demurred. The Court overruled the demurrer, and defendant excepted.

Cook & Montfort; Smith & Pou, for plaintiff in error.

Corbitt; and Hill & Stubbs, contra.

By the Court.—Lumpkin J. delivering the opinion.

Drawhorn sold James Marshall, the intestate of Asa Marshall, the defendant, a negro boy by the name of Edmund, sixteen years old, for $800. He warranted the soundness of the negro, as well as the title. The boy's health failing, Marshall sued Drawhorn for a breach of his warranty. This bill is filed to reform the bill of sale, and to aid in the defence of the action at law.

The bill is demurred to, and of course, the facts charged in it are admitted to be true. In a bill of this sort, the complainant must state distinctly wherein the contract, as it is written, fails to express the intention of the parties. The trouble in this case is, to ascertain what is the error alleged to exist in the original contract. In one place it is charged, that the bill of sale was only designed to warrant the soundness of the slave's mind, and not of his body. It is elsewhere averred, and that in two or more places, that there was to be no warranty at all, so as to impose any liability upon the complainant; and that it was only inserted under the assurance of Marshall that the warranty was always incorporated in instruments of this sort, and that it was necessary to convey the title. Well, here are two contradictory statements, as to the defects in the paper which is sought to be rectified.

But there is another argument set forth in the bill, with more fullness than either of the foregoing; and which we have no doubt expresses the truth of the case as it transpired. When Marshall came to the house of Drawhorn, where this trade took place, he found the boy tied to a tree. He had been severely whipped. A negotiation for the purchase of the negro was started. Drawhorn called the attention of Marshall to the flogging, and remarking that he did not wish to cheat him, informed him that the negro had a stiff neck; and walking up, turned the negro's head about as well as he could.

In referring to the transaction in the amended bill, the complainant says: " Before the execution of the bill of sale,

it was the contract and agreement, by and between complainant and said James M. Marshall, that said negro was sold at a reduced price, and that said complainant was not to warrant the soundness of said negro, as to any disease of his neck, or in consequence of any whipping the said negro had just received," &c.   And again, "Joshua Tennison, who was present, and professed to be well acquainted with the forms and effects of such conveyances, and satisfied your orator that, in as much as it was the contract that your orator was not to warrant the negro, as to his diseased neck, or as to the effect of the whipping he had received; and in as much, he said, as the said James Marshall then and there promised before witnesses, that said warranty as to the neck and whipping should never be enforced against your orator, your orator concluded he had been mistaken, and executed said bill of sale," &c.

The complainant appended to the original, the answers of Joshua Tennison to interrogatories, in the common law action, and made them a part of his bill.   This witness swears, that he was present when the trade took place; "that defendant told plaintiff that he would warrant said boy sound, with the exception of a stiff neck, and a whipping which he had just given him, which he could see for himself."   Further answering, he says, "the defendant told plaintiff he would warrant the boy sound, except the whipping and the stiffness of the neck," &c.

It is a well established rule, that the pleadings are to be taken most strongly against the pleader.   And under this rule, the defendant would be entitled to take the weakest case stated against him in the bill.   But that need not be insisted on.   Is not the omission to except, in the bill of sale, the stiff neck and the whipping, the one which stands out most prominently in the bill.   This is the contract, asserted and reiterated by the complainant himself, and sworn to be true, but distinctly proven by the depositions of Tennison attached to the bill and made a part thereof.   We think there can be

no doubt upon this point.    The complainant swears, that he knew of no other defects; he spoke of no other.    What motive then had he for refusing to warrant against any other?   Can it be questioned, that if the warranty had contained this exception, it would at the time have satisfied Drawhorn. And without a warranty, except as to these, which were known to Marshall, and treated lightly by him, he never would have given $800 for the boy.    If Drawhorn knew of any other and concealed it, he was guilty of a fraud upon the purchaser, and not entitled to relief.

This then being the case made by the bill, by a proper construction of it, is it necessary to reform the bill of sale as to these defects, in order to protect the complainant against the suit upon his warranty?    He is amply protected already, and such will be our judgment in this case.   The warranty does not extend to these defects, which were pointed out at the time, and expressly agreed not to be complained of.   If these be the unsoundness sued for in the action at law, the plaintiff is not entitled to recover, whether the stiff neck be an original deformity, or one superinduced by some supereminent cause which has long since passed away, but which, however, has left this permanent effect behind, Drawhorn is not liable for it.

If, however, the boy had other disease, and this stiff neck was only the manifestation or development of the secret malady, the seller will not be protected, and ought not to be.

It is due to Judge WORRILL to say, that he may have overruled the demurrer in this case, on the ground that the whipping and stiff neck were within the warranty. For this Court held, in *Calloway and Jones*, 19 *Ga. Rep.* 277, upon the authority of 1 *Parsons on Contracts*, 459, and the cases there cited in the note, that a general warranty of soundness *might* cover patent defects.    But it is confined to those cases of doubt and difficulty where the purchaser relies on his warranty, and not on his own judgment.   But this is not that case.   For here his attention was called by the seller to the

Cook vs. Long and Malcolm.

two defects, and he not only paid a less price for the negro on that account, but disclaimed all purpose of holding Drawhorn responsible for them.

We were first inclined to suffer the bill to stand for a hearing, so as to let the warranty be reformed to the extent indicated in this opinion, provided the proof made out the case. But seeing that we could greatly curtail expense and litigation, by disposing of the bill, and letting the common law action be tried, with the judgment of this Court that the warranty did not cover the whipping and the stiff neck, wc concluded that it was best to give the latter direction to the case. This is a power conferred upon this Court, but which the Circuit Judge did not feel at liberty to exercise. I say this in further vindication of his opinion.

*Decree* :—The case made by complainant's bill is, the failure to insert in the warranty of soundness, an exception as to the stiff neck of the boy, and the effects of the whipping just inflicted upon him. And it is the opinion of this Court, and it so adjudges, that for these the seller is not liable upon his warranty.'