CYRUS H. McCORMICK and another *vs.* J. J. KELLY.

July 15, 1881.

**Warranty against Patent Defects.**—Upon representations in the terms of a warranty, made by the vendor of personal property at the time of the sale, no recovery can be had by the vendee, as upon a contract of warranty, on account of any defects actually known by him at the time of the sale.

**Charge—Contradictory Instructions.**—Where the court, upon the trial, presented to the jury instructions upon a material issue which were inconsistent, contradictory, and liable to mislead the jury, the verdict cannot stand.

**Agent to Sell—Power to Warrant.**—An agent, engaged for his principal in the business of selling harvesters, will be presumed by the court, without evidence of express authority to warrant, to be empowered to sell with warranty.

Appeal by plaintiffs from an order of the district court for Brown county, *Cox,* J., presiding, refusing a new trial.

*John Lind,* for appellants.

*B. F. Webber,* for respondent.

DICKINSON, J. This action was brought to recover the amount of a promissory note made by the defendant to the plaintiffs, for part of the purchase price of a harvester purchased by the former from the latter. The making of the note is not in issue; the only defence asserted being in the nature of a counterclaim for damages from an alleged breach of warranty, on the part of the plaintiffs, in respect to the harvester.

By his answer the defendant avers that he first took the machine on trial, and that, upon trial, it proved to be unsatisfactory and would

not do good work, and that he notified the plaintiffs to take the machine away; whereupon the plaintiffs promised and agreed with the defendant to put the machine in good order and to furnish certain parts of the machine new, and warranted the machine to be well made, of good material, durable, and not liable to break or get out of order; that it would cut and elevate grain as well as any other machine, and was in all respects a first-class machine, and capable of doing first-class and satisfactory work as a harvesting machine; relying upon which promises, agreements and warranties, defendant purchased the machine, giving the note in question. The answer further alleges that the plaintiffs refused to put the machine in good order, or to furnish new parts for the machine, and sets forth a breach of the terms of the warranty.

By a reply the plaintiffs put in issue the making of a warranty, as well as the agreement to furnish new parts for the machine. The evidence on the part of the defendant tended to prove that he got the machine for trial before the commencement of the harvest of 1878; that it did not work well, although he used it to cut about 70 acres of grain; that he often made complaint to the agents of the plaintiffs, who urged him to keep the machine, and do the best he could with it; and that after harvest the agent of plaintiffs represented that it was as good a machine as there was in the market, and he would make it so; that it was all right, and would do as good work as any machine in market, and it should be fixed up in first-class order, with the new parts referred to in the answer; that the defendant purchased the machine then, and gave the note, relying, as he testifies, upon the representations made. The evidence tends to show that at this time the defendant knew the defects in the machine of which he now complains.

At the request of the defendant the court instructed the jury as follows: "If the jury find, from the evidence, that the plaintiffs expressly warranted the machine for which the note in suit was given, and that the defendant was induced by such warranty to execute and deliver said note, the plaintiffs are liable for all damages which the defendant has sustained by reason of the breach of such warranty, and this liability is not affected by the fact that the defendant tried said

machine before the making of said warranty." To this the plaintiffs excepted.

At the request of the plaintiffs the court instructed the jury as follows: "I charge you that where a general warranty is given on the sale of a machine, defects that were apparent at the time of the making of the bargain, and were fully known to the purchaser, cannot be relied upon as a defence to a note given for such machine, when the purchaser has such knowledge at the time of giving the same. (2) If you find that the machine was taken on trial under a contract to purchase, and that, after having fully tried it, the defendant gave his note therefor, he cannot offset against any such note damages arising from any alleged breach of warranty against defects known to the defendant at the time of settlement and giving of the note."

The court further instructed the jury in the following language: "A vendor may warrant against a defect that is patent and obvious. * * * You sell me a horse, and you warrant that horse to have four legs, and he has only three. I will take your word for it." The court then read in the hearing of the jury the following from Addison on Contracts: "When a general warranty is given on a sale, defects which were apparent at the time of the making of the bargain, and were known to the purchaser, cannot be relied on as a ground of action. If one sells purple to another, and saith to him, 'This is scarlet,' the warranty is to no purpose, for that the other may perceive this; and this gives no cause of action to him. To warrant a thing that may be perceived at sight is not good." The court then said to the jury: "Gentlemen, that is not the law of this state."

The court erred in these instructions to the jury. It has always been held that a general warranty should not be considered as applying to or giving a cause of action for defects known to the parties at the time of making the warranty, and both the weight of authority and reason authorize this proposition, viz., that for representations in the terms or form of a warranty of personal property, no action will lie on account of defects actually known and understood by the purchaser at the time of the bargain. *Marjetson* v. *Wright*, 7 Bing. 603; *Dyer* v. *Hargrave*, 10 Ves. Jr. 506; *Schuyler* v. *Russ*, 2 Caines, 202; *Kenner* v. *Harding*, 85 Ill. 264; *Williams* v. *Ingram*, 21 Texas,

300; *Marshall* v. *Drawhorn*, 27 Ga. 275; *Shewalter* v. *Ford*, 34 Miss. 417; *Brown* v. *Bigelow*, 10 Allen, 242; Story on Cont. § 830; Benjamin on Sales, (2d Ed.) 502; Chitty on Cont. (11th Am. Ed.) 644. A warranty, for the breach of the conditions of which an action *ex contractu* for damages can be maintained, must be a legal contract, and not a mere naked agreement. It must be a representation of something as a fact, upon which the purchaser relies, and by which he is induced, to some extent, to make the purchase, or is influenced in respect to the price or consideration. *Oneida Manuf'g Society* v. *Lawrence*, 4 Cow. 440; *Lindsey* v. *Lindsey*, 34 Miss. 432; *Blythe* v. *Speake*, 23 Texas, 429; *Adams* v. *Johnson*, 15 Ill. 345; *Ender* v. *Scott*, 11 Ill. 35; *Hawkins* v. *Berry*, 10 Ill. 36; 2 Add. on Cont. (Morgan's Ed.) § 626. In the nature of things one cannot rely upon the truth of that which he knows to be untrue; and to a purchaser fully knowing the facts in respect to the property, misrepresentation cannot have been an inducement or consideration to the making of the purchase, and hence could have been no part of the contract.

It has often been said that a general warranty may cover patent defects, and it has led to some misapprehension of the law. The proposition is strictly true, but, as was said by the court in *Marshall* v. *Drawhorn*, *supra*, it is "confined to those cases of doubt and difficulty where the purchaser relies on his warranty, and not on his own judgment." It has no application to the case of a purchaser who knows the defects in the property and the untruthfulness of the vendor's representations. We do not, however, mean to say there may not be a warranty against the future consequences or results from even known defects.

The fact that a portion of the charge given at the request of the plaintiffs stated correctly the legal principle under consideration, cannot affect the result. In fact, that the instructions to the jury were thus inconsistent, and calculated to mislead or confuse, rather than inform and guide the jury, is, in itself, a sufficient reason why the verdict should not stand. *Vanslyck* v. *Mills*, 34 Iowa, 375; *C., B. & Q. R. Co.* v. *Payne*, 49 Ill. 499.

For the reasons already indicated, a new trial must be awarded, and it is unnecessary to consider whether the verdict is supported by

the evidence presented in this case; nor is it necessary to consider some other alleged errors, involving no doubtful questions of law, and which are not likely to recur upon another trial. Anticipating, however, that upon the retrial, as in the former one, the question may arise as to the authority which an agent empowered to sell machinery of the kind in question may be presumed to possess in respect to the warranting of the property, in the absence of any proof of express authority, we will pass upon the question as it is presented by the facts in this case. For the purposes of this case it is sufficient to say that an agent, engaged for his principal in the business of selling personal property, is presumed to be authorized to sell with warranty. It may be, however, that if the property be of a kind not usually sold with warranty, no such presumption will be exercised. *Nelson* v. *Cowing*, 6 Hill, 336; *Smith* v. *Tracy*, 36 N. Y. 79; *Schuchard* v. *Allens*, 1 Wall. 359; *Upton* v. *Suffolk County Mills*, 11 Cush. 586; *Boothby* v. *Scales*, 27 Wis. 626; *Ahern* v. *Goodspeed*, 72 N. Y. 108; *Murray* v. *Brooks*, 41 Iowa, 45. In the case of such an agent engaged in selling harvesters, without proof of express authority to warrant, the court will presume such authority.

Order reversed, and a new trial awarded.