DANIEL W. SNODY v. CORNAIL SHIER.

*Sale—Warranty—Waiver—Rescission—Findings of fact.*

1. The findings of fact of the trial judge will not be disturbed where the testimony in the record tends to support the facts found.

2. The conduct of plaintiff's agent in insisting that the harvesting machine purchased by the defendant should be kept over harvest for further trials, which resulted in the failure of the machine, is held to constitute a waiver of a provision in the warranty accompanying the machine that keeping it during harvest, whether kept in use or not, without giving notice to plaintiff of the defects complained of as provided in the warranty, should be conclusive evidence that the machine filled the warranty.

Case made from Huron. (Beach, J.). Argued October 30, 1891. Decided November 13, 1891.

*Assumpsit.* Plaintiff assigns error. Affirmed. The facts are stated in the opinion.

*McGinley & Durning,* for appellant.

*Horace G. Snover* (*E. F. Bacon,* of counsel), for defendant.

LONG, J. This action was tried in the circuit court for the county of Huron without a jury, and the court found the following facts and conclusions of law:

"1. That on or about the 1st day of June, 1887, the defendant proposed to purchase of the plaintiff's agent at Ubly, in said county, a Meadow Lark mower for $50 cash, or $55 on time. The mower was not in stock at the time, and defendant was permitted to take an old mower until the new one could be delivered. A printed form of warranty was furnished to the defendant when he made his order, as follows:

" ' Remove this warranty, and give the purchaser warranty.

" '—————————, 188—.

" ' The ——————— is warranted to cut, if properly managed, one acre per hour, or ten or twelve acres of grass or grain per day, in a workman-like manner, and to be light draught for two horses.

" ' The farmer agrees, on accepting and before starting this machine, to follow the directions given him by the agent; to put same together, and give it a fair (reasonable) trial; and is allowed to cut five acres of his grass and five acres of his grain on trial. If he cannot make it perform according to the above warranty, he shall give to the manufacturer (by his agent or otherwise) immediate notice thereof, who shall have time to send a man to put it in order, and the privilege of readjusting the machine, and giving it further trial (for which the farmer shall furnish a suitable team and grass and grain to cut), and have time to replace the defective parts.

" ' If the machine is at fault, and does not perform according to the above warranty, the farmer will lay it aside, store it safely under cover, and redeliver it, when called for by the agent, at the place (depot or warehouse) where received.

" ' As our agents have agreed not to sell our machines on any other terms, all verbal contracts must conform to the above warranty and conditions.

" ' The manufacturers further agree to supply, free of invoice, all defective parts which may be developed during the first season's use, excepting knife sections and sound parts broken by accident or carelessness.

" ' Keeping the machine during harvest, whether kept in use or not, without giving notice as above, will be deemed conclusive evidence that the machine fills the warranty.

" ' It is also warranted to be well made of good material, and, when properly used, not liable to get out of order.

" ' Keep knives sharp, and bearings and journals well oiled with lard oil.'

" 2. Before the new mower was delivered, defendant concluded he would change his order to an order for a combined machine, reaper and mower, and did so ; and was informed by the agent that he could have the combined machine for $20 more than the other machine, and upon the same terms as his order for the mower.

" 3. The combined machine was delivered, and, when received, the attention of the agent was called to a crack in what the witness terms the ' cap,' and defendant was informed that if it gave out a new one would

be supplied. It did give out on the first trial, and a new one was put on; but the machine did not work satisfactorily, and plaintiff's agent was so informed. Defendant finished his grass and grain by hand, and the machine was stored in the barn under the agent's directions, who stated that before next season some one would be there to fix it.

"4. The next season, before harvest, the plaintiff, in person, went to defendant's barn, and made some repairs on the machine, and it apparently worked all right on the barn floor, and defendant attempted to work with it in the field, but it did not work; and plaintiff's agent was notified, and something more in the way of repairing was done by the agent, and defendant requested to try it again. Defendant assured plaintiff's agent that he did not believe it would work; that he intended to put his own team on it; and that with that team, if the defective parts of the machine acted as they had before, the machine would be stripped or injured. He was told to try it, did so, and after a short time it again failed, and the cogs on some of the wheels were stripped, and no more work was done with it, or could be done with it, and plaintiff's agent was informed of the facts. Afterwards, and about the time suit was brought, and after defendant heard that suit was to be brought on, he returned machine to the warehouse, but did not inform plaintiff's agent of the return, and suit was brought; but plaintiff's agent knew of the return before suit was brought.

## "CONCLUSIONS OF LAW.

" I find, as a matter of law, that as machine was kept by defendant, at the request of plaintiff's agent, after notice of defect, for further trials from time to time, such action of plaintiff's agent was a waiver of the clause in warranty in relation to keeping the machine over harvest, and such repeated trials upon request and final failure gave the defendant the right to rescind under the third clause of the warranty; and that under all the dealings of the defendant with the plaintiff's agent and the plaintiff himself the sale was rescinded.

" Defendant is entitled to judgment of no cause of action, with costs to be taxed, including fifteen dollars attorney fee."

The case comes to this Court upon case made. Several errors are claimed in the rulings of the court below, but the only questions discussed here are—

1. Whether the evidence supports the finding of facts.
2. Whether the facts found support the conclusions of law.

We need not enter upon a discussion of the testimony. It is all returned in the record, and we are satisfied that there is testimony upon which the court might find the facts returned. Defendant's testimony was largely contradicted by the plaintiff's witnesses, but we cannot disturb the findings of the court below, where there is testimony tending to support the facts found.

The trial court found, as matter of law, that the conduct of the plaintiff's agent in insisting that the machine should be kept over harvest, and further trials made, and such trials resulting in the failure of the machine, constituted a waiver of the clause in the warranty, by the terms of which a return was to be made before the harvesting season was over if the machine was defective; and that the circumstances were such that defendant had the right to rescind the sale, and did rescind it, before this suit was brought.

The facts found by the trial court warrant this conclusion. From the findings, it appears that defendant gave the machine a fair trial from the outset, gave the plaintiff's agent notice of the defects and an opportunity to remedy them, but the defects were not remedied. Under the direction of the plaintiff's agent, the machine was put in the barn of the defendant, and kept until the commencement of the next season, when again, at request of plaintiff's agent, defendant attempted to use it, but still found it defective. The plaintiff, being notified, again attempted to remedy the defects, and upon his failure to do so defendant insisted upon his right to

rescind the contract, and did rescind it. Under the facts found, the conclusions of law reached by the trial court were correct.

The judgment must be affirmed, with costs.

The other Justices concurred.