## JOHN CANHAM *vs.* PLANO MANUFACTURING CO.

Opinion filed March 21st, 1893.

### Power of Agent Selling Machine to Warrant the Same.

An agent authorized to sell binders for another has power to warrant that the binders will do as good work as any other machine in the market.

### Secret Restrictions—Not Binding.

His general authority to so warrant cannot be restricted as to third persons who have no knowledge of such restriction.

### Holding Machine at Request of Selling Agent—Not Waiver of Right to Rescind.

Where the purchaser of a binder was induced to keep the machine by repeated promises and attempts to fix the same, made by the agent who sold the same, a return of the binder immediately after discovering that it would not work as warranted, after the last attempt to fix it, is in time to entitle purchaser to claim that he has rescinded the contract for breach of warranty promptly, within the provisions of § 3591, Comp. Laws.

### After Rescission for Breach of Warranty Vendee May Sue for Value of Note.

*Fahey* v. *Harvesting Co.*, 55 N. W. Rep. 580, 3 N. D. 220 (decided at this term,) followed as to liability of vendor of property sold with warranty, when the contract of sale is rescinded by vendee for breach of warranty, for the amount of a negotiable note given for purchase price, negotiated to a bona fide indorsee before maturity, although such note has not been paid.

Appeal from District Court, Richland County; *Lauder*, J.

Action for breach of contract by John Canham against the Plano Manufacturing Company. Plaintiff had judgment, and defendant appeals.

Affirmed.

*W. E. Purcell* and *L. B. Everdell*, for appellant. *McCumber & Bogart*, for respondent.

CORLISS, J. The defendant sold and delivered to plaintiff a twine binder. For this, plaintiff gave his three promissory notes. He subsequently returned the machine claiming that there was a breach of the warranty accompanying the sale, and, having paid two of these notes, he brings suit to recover the amount so paid, and also the amount due on the other note. If there was a valid warranty on such sale, and a breach thereof, and a valid rescission of the contract, then the consideration for these notes failed, and it was the duty of the defendant to return the note which remained unpaid, and to restore the money which had been paid by the plaintiff in satisfaction of the other two notes. One of the notes was paid to the agent on his promise to remedy defects in the machine, and the other one was paid by plaintiff to one claiming to be an innocent purchaser for value. In making these payments plaintiff did not waive his right to a return of the money on failure of the consideration of these notes. The other note having been negotiated before maturity by the defendant, it is liable to plaintiff for the amount due thereon if a failure of consideration is established. *Faliey* v. *Harvesting Co.*, 55 N. W. Rep. 580, (decided at this term,) and cases there cited.

The sufficiency of the complaint was challenged, but it is clearly sufficient. It shows a breach of warranty and rescission of the contract which would entitle plaintiff to recover the amounts paid on the two notes and the amount due on the note negotiated by defendant before maturity. All these facts relating to these notes are fully set forth in the complaint. It therefore states a cause of action. The court directed a verdict for the plaintiff for the full amount claimed. From the judgment entered upon this verdict,

defendant appeals. Was it error to direct this verdict? The machine was sold by an agent of the defendant whose name was Crafts. The warranty was oral. It was, in substance, that the binder would do as good work as any other binder in the market. There is no controversy either as to the fact of this warranty, or as to the fact of a breach thereof. But it is insisted that the plaintiff did not rescind the contract promptly, after discovering the defect. This would be fatal to plaintiff's recovery unless he was induced to delay action by defendant's promise to make the machine work. Section 3591, Comp. Laws. The sale was in July, 1889, and the binder was not in fact returned until August 4, 1890. It is undisputed however, that the agent Crafts repeatedly promised to put the binder in working order, and requested the plaintiff to keep it, to enable him (Crafts) to do this. A number of efforts to fix it were made during the season of 1889, but they all proved abortive. Each time the attempt failed, plaintiff expressed his determination to return the binder, but was deterred from doing so by Crafts' repeated promises to make the binder do good work, and his often repeated entreaties that the plaintiff keep the machine, to give him (Crasts) a chance to make it fulfill the warranty. Finally, not being able to make it work during the harvest of 1889, Crafts promised plaintiff that, if he, plaintiff, would keep the binder until next season, he would agree to see that it was put in good working order for next harvest, to do as good work as any other machine in the market. Relying on this promise, plaintiff did keep the binder. It was urged on the argument that Crafts gave his mere personal guaranty that this should be done, but we do not so construe the record. It was undoubtedly understood by both the parties that he was acting for the defendant in making this promise. During all of this time Crafts was agent for the defendant in the sale of these machines. He was their general agent for this purpose, being intrusted with this business of selling generally, and not merely with the sale of this particular machine. "An agent for a particular transaction is called a special agent. All others are general agents."

Section 3962, Comp. Laws. As such agent he had authority to make the warranty on the sale already referred to. Section 3985, Id.; *McCormick* v. *Kelly*, 28 Minn. 135, 9 N. W. Rep. 675. It cannot be doubted that he had power to represent and bind the defendant by his subsequent conduct and promises, inducing plaintiff to refrain from prompt action on discovery of the defects in the machine. *Snody* v. *Shier*, (Mich.) 50 N. W. Rep. 252; *Pitsinowsky* v. *Beardsley*, 37 Iowa, 9. Defendant, through its authorized agent, by its promises and conduct, lulled the plaintiff into a sense of security against prejudice from his failure promtly to restore the property, and cannot be heard to insist that the delay until the year 1890 is fatal to plaintiff's right to rescind for breach of warranty. *Snody* v. *Shier*, (Mich.) 50 N. W. Rep. 252; *Manufacturing Co.* v. *Kelly*, 26 Ill. App. 394. In fact, there was a new warranty made in the fall of 1889 that the machine would do as good work the next season as any other binder in the market. In the month of August, 1890, after repeated efforts by plaintiff to induce Crafts to send an expert to fix the binder in accordance with his promise, one was finally sent out to plaintiff's farm. It was Saturday night before the work was finished. Early Monday morning plaintiff started the machine. It did not do good work. The same day it was returned by plaintiff to the same place from which he took it when he purchased it, and he then notified the agent Crafts that he had returned it, and demanded a return of his notes. If Crafts was agent for the defendant during the year 1890 in the sale of its machines, there can be no doubt that plaintiff acted promptly in returning the property to defendant, in view of the promises and conduct of defendant's agent inducing delay, and therefore amounting to a waiver of return until after defendant's final effort to fix the machine. That Crafts could give a new warranty, after failure to make the binder work during the harvest of 1889, cannot be doubted. There being a breach of a former warranty, plaintiff had it in his power to return the binder and have back his notes, or a new machine in place of the defective one. This new machine would be delivered upon the same

warranty which related to the old one. The parties could agree, after the return of the old one, to a new contract of sale of the old binder with warranty, and therefore the agent could make a new warranty without the formality of a return, which he could not prevent. This same reasoning leads to the conclusion that the agent could attach to the continued holding of the binder by the plaintiff a condition that if it should not do as good work the next season as any other binder in the market he would take it back. This is precisely what he did agree to. It amounted, in effect, to a keeping of the machine by the plaintiff on trial, with a right to return it next year if it should fail to work as stipulated by defendant's agent. Had the binder been returned as sold, Crafts would have had power to sell it on trial. *Deering* v. *Thom*, 29 Minn. 120, 12 N. W. Rep. 350; *Oster* v. *Mickley*, 35 Minn. 245, 28 N. W. Rep. 710. He therefore had power to promise to take back the binder if it did not work as warranted, without the necessity of a formal surrender of the machine and the cancellation of the contract of sale and the making of a new contract. Whatever view we take of the matter,—whether we regard the old warranty as undisturbed, or consider that a new warranty was made relating to the work the binder would do during the year 1890, or that an agreement was made to take back the binder if it should fail to do good work during the year 1890,—we reach the same conclusion. We hold, as a matter of law, that the binder was returned in time.

But it is urged that Crafts had no authority to give the oral warranty which he made on the sale of the binder. His employment was in writing. It restricted his power to warrant to a written warranty of a specified character, differing from the oral warranty given to plaintiff. This writing was offered in evidence but on objection of plaintiff it was excluded. In this there was no error. There is no pretense that plaintiff had notice of this restriction of the power of the agent. On the contrary, it affirmatively appears that he did not have such notice. Unless actually restricted in his authority an agent to sell has power to

warrant in the manner in which Crafts warranted this binder. Section 3985, Comp. Laws. Crafts was intrusted with the sale of defendant's binders, and had them in his possession for sale. And even if restricted in his authority he would still have such authority to warrant as to all persons who did not have actual or constructive notice of the restrictions upon his powers. Section 3980, Id. See also *Boothby* v. *Scales*, 27 Wis. 635.

It is also urged that this written employment of Crafts as agent should have been received, because it showed on its face that his employment was only for the season of 1889, and that therefore nothing done by Crafts during 1890 would bind the defendant. In the same connection it is urged that the return of the property to Crafts in 1890 would not be a good delivery to defendant if Crafts had ceased to be defendant's agent. This excluded writing, it is urged, was evidence of the fact he was not such agent for 1890. But it was not evidence of this fact. It did not show that he was not agent for 1890. It was not at all inconsistent with his employment as agent the following year. Moreover, there is another reason why it was not error to receive this writing for this purpose. It was plainly offered for another purpose, for which it was incompetent, *i. e.*, to bind plaintiff by restrictions on what would otherwise be the agent's authority, without offering to bring home to plaintiff notice of such restriction. Being rejected as evidence for this purpose, the defendant should have stated the other object for which it was desired to have it admitted in evidence. Having failed to do so, he cannot complain of the refusal to receive it as error. There was no claim on the trial that Crafts was not the agent of defendant during the year 1890, the same as the year before. We do not think that the presumption of the continuance of the agency, after the fact of agency had been once established, could be rebutted by the introduction of the written contract of employment, silent on the point as to whether the agent was employed the ensuing year, when the agent himself was put upon the stand by the defendant as a witness for defendant. A simple inquiry would have settled this question, and the fact that Crafts

was not interrogated by defendant on this point is convincing to our minds that there was no thought of raising any such point, and this confirms our belief that the written instrument under which Crafts was employed was not offered for the purpose of overthrowing the presumption of the continuance of the agency. We have carefully considered the points raised, and finding no error the judgment is affirmed.    All concur.