## D. M. OSBORNE & COMPANY v. HARVEY BAKER.

*Sale—Warranty—Authority of agent—New contract.*

Defendant ordered a harvesting machine through plaintiff's general agent. The order provided that the machine was purchased and sold under a warranty and agreement thereinafter set forth, which no one had any authority to add to, abridge, or change in any manner, and that keeping the machine during harvest, whether kept in use or not, should be deemed conclusive evidence that it filled the warranty. The defendant, upon ascertaining that the machine did not comply with the warranty, refused to keep it under the contract, and the agent who took the order persuaded defendant to retain the machine, and advised him that he might do so, and if he kept it beyond the harvest it would be all right, and the machine would be the plaintiff's, and not the defendant's. And, in a suit brought to recover the purchase price of the machine, it is held that the machine was retained by the defendant under this new arrangement, which the agent had a right to make, and that the defendant is not bound to pay for the machine because he held it over the harvest.

Error to Jackson. (Peck, J.) Submitted on briefs, October 10, 1894. Decided December 22, 1894.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinions.

*Richard Price,* for appellant.

*Lewis M. Powell,* for defendant.

LONG, J. This action was brought to recover the purchase price of a binder. The order for the binder is set out in the declaration, and is as follows:

"ORDER FOR OSBORNE HARVESTING MACHINE.
"Dated at Concord, July 9, 1892.
"Messrs. D. M. OSBORNE & Co.,
"Chicago, Ill.:
"I have this day ordered of Jacob Rosenbrook, your

agent, one of your machines, described as 'Number New Binder, 6 feet right-hand rear gear,' to be delivered at Concord, Jackson county, for which I agree to pay the sum of $105, and freight and charges from Chicago, Ill., in manner as follows:

"An approved note, due October 1, 1892, $52.50, with interest at ——— per cent.

"An approved note, due October 1, 1893, $52.50, with interest at 7 per cent. Said notes to be made payable to the order of D. M. Osborne & Co., and to bear interest from the date of the delivery of the machine.

"This machine is hereby purchased and sold subject to the following warranty and agreement, and no one has any authority to add too, abridge, or change in any manner:

"'All our machines are warranted to be well built, of good material, and capable of cutting, if properly managed, from 10 to 15 acres per day. If, on starting a machine, it should in any way prove defective, and not work well, the purchaser shall give prompt notice to the agent of whom he purchased it, and allow time for a person to be sent to put it in order. If it cannot then be made to do good work, the defective part will be replaced, or the machine received back from the purchaser at the office of the agent from whom it was purchased, and the money or notes returned. Keeping the machine during harvest, whether kept in use or not, shall be deemed conclusive evidence that the machine fills the warranty.'

"This order is signed by me in duplicate.

"HARVEY BAKER.

"Order taken by Jacob Rosenbrook, Agent."

The defendant pleaded the general issue, and gave notice—

1. That the machine did not fill the warranty.

2. That, at the solicitation of the agent of the plaintiff, he took the machine on trial, with the express understanding and agreement of the plaintiff that if, upon trial, said machine did not work satisfactorily to the defendant, he should not keep or purchase it, and that the machine, after a fair trial, did not work well, nor satisfactorily to defendant, and that consequently he did not purchase said machine.

The testimony of plaintiff showed that the machine was delivered to defendant about a week after the order was

given; that defendant commenced working it; that plaintiff's agent called there two or three times while it was in use, but defendant finally refused to settle for it, claiming that it did not work satisfactorily.   It is conceded that some parts of the machine were broken, but it is contended that plaintiff's agent went there and fixed the machine up; that it was not returned before harvest, but was kept during the whole harvest.   On the part of the defendant, it is contended that the machine would not do good work; that it was not properly constructed; that, after it was discovered that the machine was defective, defendant informed plaintiff's agent of the fact, and that he would not keep it; that a new arrangement was then entered into between plaintiff's agent and defendant, which was, substantially, that the defendant should go on, and try the machine further, and, if it did not then work satisfactorily, that it was to be plaintiff's machine, and not defendant's; that this is the reason why defendant kept the machine during the harvest.   This arrangement was denied by plaintiff.

The court charged the jury substantially that if the machine did come up to the warranty they must find for plaintiff; that if, on the other hand, the machine did not comply with the warranty, and plaintiff's agent told defendant to go on and use it, and if it did not work all right it was the plaintiff's machine, and not the defendant's, and if defendant, in reliance upon this arrangement, did not return the machine as provided in the contract, but retained and used it as directed by plaintiff's agent, they should regard that provision of the contract as waived by plaintiff, and defendant would not be precluded from insisting upon the breach of the warranty by his failure to return the machine as provided by the contract.   The jury returned a verdict in favor of defendant.

It is contended that plaintiff's agent had no power or authority to waive the terms of the written contract, and

that, though the jury might find that the subsequent
arrangement was made as claimed by defendant, yet, he
having kept the machine over the harvest, he was bound
to settle for it as provided in the contract. We think the
court below was correct in submitting the case to the jury,
and upon the question of the second arrangement. The
agent with whom the defendant dealt was Jacob Rosen-
brook. It was with him that the second arrangement was
made. The jury, by their verdict, have settled the issues
in favor of defendant:

1. That the machine did not comply with the warranty.

2. That defendant, when he ascertained this fact, re-
fused to keep it under the contract.

3. That Rosenbrook then persuaded defendant to retain
it, and advised him that he might do so, and if he kept
it beyond the harvest it would be all right, and the
machine would be the plaintiff's, and not defendant's.

It must be conceded that if it be true that the machine
did not comply with the warranty, and that this was
ascertained by the defendant before the second arrange-
ment was made, he had the right at that time, under the
terms of his contract, to return the machine to Rosen-
brook. In order to avoid this, Mr. Rosenbrook made a
new arrangement with defendant. While the court below
may not have been correct in saying that this was a waiver
of the stipulation in the contract as to time of return,
yet the plaintiff was in no manner injured by that ruling.
The contract provided that no one had any authority to
add to, abridge, or change the warranty and agreement.
The defendant was not asking any change or abridgement
of the warranty or agreement. He proposed to comply
with the contract, and refused to keep the machine, as it
did not do good work. This surrender the defendant had
a right to make at that time, and, that it was not made,
Mr. Rosenbrook is responsible for. He was the general
agent of the company. And we regard the new arrange-

ment as the one under which the machine was held, instead of the written order. If the machine had been actually delivered over to Rosenbrook, it could not be contended but that would have ended the controversy. The statement that defendant would not keep it and settle for it was tantamount to a return, as it was not the fault of defendant that it was not returned. The machine being thus held under the new arrangement, the defendant is not bound to pay for it because he held it over the harvest.

In *Snody v. Shier*, 88 Mich. 304, the new arrangement made with the plaintiff's agent was treated and held by the trial court to be a waiver of the provisions of the contract, which stipulated that "keeping the machine during harvest, whether kept in use or not, without giving notice as above, will be deemed conclusive evidence that the machine fills the warranty;" and it was also held by the court that, under all the dealings with the plaintiff's agent and the plaintiff himself, the sale was rescinded. That contract also contained the clause: "All verbal contracts must conform to the above warranty." The judgment of the court below was affirmed.

The first question here presented is whether the machine was so defective as not to comply with the warranty. If so, defendant had, by the terms of the contract, the right to turn it back to Rosenbrook. The jury, by their verdict, must have found that it was. Under the second arrangement, there can be no doubt of the right to return it after harvest, and that the retaining of it during the harvest would not make it the property of defendant.

Judgment affirmed.

McGRATH, C. J., and MONTGOMERY, J., concurred with LONG, J.

HOOKER, J. (*dissenting*). The defendant received a harvesting machine from the plaintiff upon a written order

for the same given by him to an agent of the plaintiff named Rosenbrook. The order was as follows:

"ORDER FOR OSBORNE HARVESTING MACHINE.
"Dated at Concord, July 9, 1892.
"Messrs. D. M. OSBORNE & Co.,
"Chicago, Ill.:

"I have this day ordered of Jacob Rosenbrook, your agent, one of your machines, described as 'Number New Binder, 6 feet right-hand rear gear,' to be delivered at Concord, Jackson county, on or before ——, 18—, for which I agree to pay the sum of $105, and freight and charges from Chicago, Ill., in manner as follows: * * *

"This machine is hereby purchased and sold subject to the following warranty and agreement, and no one has any authority to add to, abridge, or change in any manner:

"'All our machines are warranted to be well built, of good material, and capable of cutting, if properly managed, from 10 to 15 acres per day. If, on starting a machine, it should in any way prove defective, and not work well, the purchaser shall give prompt notice to the agent of whom he purchased it, and allow time for a person to be sent to put it in order. If it cannot then be made to do good work, the defective part will be replaced, or the machine received back from the purchaser at the office of the agent from whom it was purchased, and the money or notes returned. Keeping the machine during harvest, whether kept in use or not, shall be deemed conclusive evidence that the machine fills the warranty.'

"This order is signed by me in duplicate.
"HARVEY BAKER.
"Order taken by Jacob Rosenbrook, Agent.

"REMOVE THIS WARRANTY, AND GIVE IT TO THE PURCHASER.

"*Warranty.* This machine is hereby purchased and sold subject to the following warranty and agreement, and no one has any authority to add to, abridge, or change it in any manner: All our machines are warranted to be well built, of good material, and capable of cutting, if properly managed, from 10 to 15 acres per day. If, on starting a machine, it should in any way prove defective, and not work well, the purchaser shall give prompt notice to the agent of whom he purchased it, and allow time for a person to be sent to put it in order. If it cannot then be

made to do good work, the defective part will be replaced, or the machine received back from the purchaser at the office of the agent from whom it was purchased, and the money or notes returned.   Keeping the machine during harvest, whether kept in use or not, shall be deemed conclusive evidence that the machine fills the warranty.

" Order taken by Jacob Rosenbrook.

"D. M. OSBORNE & Co."

The warranty, signed by Rosenbrook, was detached and delivered to the defendant at the time the order was given. The plaintiff shipped the machine to the defendant, who received it at the depot, and some days later Rosenbrook set it up and started it.   The defendant cut his entire wheat crop, of 80 acres, with this machine.   The defense made was that the machine did not equal the warranty, and that the plaintiff waived its right to insist that the keeping of the machine through harvest should be deemed conclusive evidence that the machine filled the warranty. The jury returned a verdict for the defendant, and the plaintiff appealed.

Counsel for the plaintiff claims that the defendant is bound by the conditions of the purchase, as set up in the warranty, of which the defendant admits that he had notice, and that the court erred in permitting the defendant to introduce testimony of the statements of the agent, Rosenbrook, to the effect that the clause about keeping the machine through harvest might be disregarded, and in charging the jury that the alleged waiver might justify a verdict for the defendant.   No testimony tending to show the authority of the plaintiff's agent, Rosenbrook, other than the order and warranty, appears.   By these it is explicitly stated that "this machine is hereby purchased and sold subject to the following *warranty and agreement, and no one has any authority to add too, abridge, or change it in any manner.*"   It also provided that "*keeping the machine during harvest, whether kept in*

*use or not, shall be deemed conclusive evidence that the machine fills the warranty."* Under the order and warranty the machine was received, those papers constituting the contract of sale. They informed the defendant that *the agent had no authority to change the contract,* and that by keeping the machine through harvest the evidence that it filled the warranty would be conclusive. That the defendant read his warranty is apparent from his statement to Rosenbrook (testified to by defendant and his son) that he was not allowed to keep the machine through harvest without having to pay for it. Here, then, was not only notice, but his solemn contract as to the limitations upon the authority of the agent, which he now seeks to avoid. In the face of this, his counsel asks us to enforce the rules applicable to general agents, which manifestly cannot be done. Nothing is clearer than the proposition that the defendant expressly contracted against waivers, and in fact *any changes in the contract.* In face of this, defendant admits that he not only kept the machine through harvest, but that he cut all of his wheat, amounting to about 80 acres, with it. His only excuse for doing this is that when he told Rosenbrook that, according to the warranty, he had no right to keep it, Rosenbrook replied:

"If it don't work, it is no matter how much you use the machine. If it don't work right, it is our machine, and not yours."

It is quite probable that the failure of the machine to work satisfactorily was an annoyance to the defendant, and that the agent who sold the machine may have expressed erroneous opinions about the defendant's rights under his contract; but, as shown, the defendant knew that the agent had no right to change the contract, and he must be supposed to have understood that it was no part of the agent's duty to interpret and state its legal effect. It was

his duty, after finding that the machine was not as warranted, to return it to the agent, at his office.    Instead, he elected to finish cutting his grain, and then attempted to rescind the contract.

This case is unlike that of *Snody v. Shier*, 88 Mich. 304, upon which defendant's counsel relies.    There was a warranty in that case quite similar to the one under discussion.    It required the purchaser to lay aside and store the machine, and redeliver it when called for by the agent of the seller, and provided that " keeping the machine during harvest, whether kept in use or not, *without giving the notice* [*i. e.*, of his inability to make it perform according to the warranty]," would be deemed conclusive evidence that it filled the warranty.    The findings of fact showed that the notice was duly given, and that the defendant laid the machine aside, and stored it, and finished cutting his grain by hand.    In short, he performed his contract, and stored the machine in his barn, with the agent's knowledge and direction, as he might have done under the contract at any time. · The agent left it there, and next year tried to make it work to the defendant's satisfaction, but failed.    Counsel says that this was a waiver of the clause in relation to keeping through harvest, but we think that would depend upon the power of the agent.    It is unimportant, however, for it is apparent that the clause referred to cut no figure in the case.    The defendant had a legal right to rescind upon notice, and storing the machine. He did not keep it during harvest without notice, hence such keeping lost it conclusive effect.

We are alive to the fact that agents who sell implements may be pertinacious in their attempts to satisfy customers, and perhaps some of them may intentionally take advantage.    On the other hand, the provisions of contracts such as this may have been found necessary to protect manufacturers from unscrupulous persons who would be glad to

obtain the use of machines through harvest, and return them afterwards as unsatisfactory. However these things may be, the parties have deliberately executed a contract, by which the defendant is concluded in this case.

In my opinion, the judgment should be reversed, and a new trial ordered.

GRANT, J., concurred with HOOKER, J.