## CYSEWSKI v. FRIED.

### (139 N. W. 104.)

**Appeal — abstracts — rule as to.**

 1. Attention is called to rules 7 and 12 of this court and the necessity of compliance therewith by counsel in the preparation of abstracts on appeal.

**Auctions — warranty.**

 2. While at common law an auctioneer cannot, in the absence of authority so to do, warrant property sold, his power in this state is fixed by § 5799, Rev. Codes 1905, providing: "An auctioneer, in the absence of special authorization or usage to the contrary, has authority from the seller as follows: . . . 3. To warrant in like manner with other agents to sell according to § 5776." And inasmuch as § 5776 provides that authority to sell personal property includes authority to warrant the quality, the principal is bound by the warranty made by an auctioneer in the sale of such property.

**Auctions — warranty.**

 3. Following Canham v. Plano Mfg. Co. 3 N. D. 229, 55 N. W. 583, it is *held,* that the purchaser may rely upon the warranty made on sale by an auctioneer when he did not have actual or constructive notice of any restrictions on his power to warrant.

Opinion filed December 11, 1912.

Appeal by defendant from a judgment of the County Court for Stutsman County having increased jurisdiction, *Conklin,* J., in plaintiff's favor in an action to recover the amount paid for a horse at an auction sale and for damages for breach of warranty by the auctioneer.

Affirmed.

*Knauf & Knauf,* for appellant.

An auctioneer, by virtue of his naked authority, has no power to warrant property sold. 3 Enc. Ev. 491; 1 Enc. Ev. 995; Upton v.

Suffolk County Mills, 11 Cush. 586, 59 Am. Dec. 163; The Monte Allegre, 9 Wheat. 627–630, 6 L. ed. 177, 178; Court v. Snyder, 2 Ind. App. 440, 50 Am. St. Rep. 247, 28 N. E. 719; 4 Cyc. 1041.

Evidence of instructions to auctioneer is admissible to show extent of his agency. Bensberg v. Harris, 46 Mo. App. 404; Munn v. Commission Co. 15 Johns. 44, 8 Am. Dec. 222.

The burden of proving such instructions and authority is on person seeking to hold auctioneer's principal. 10 Enc. Ev. 8, note 14.

Fact of agency not established by acts of agent, in the absence of evidence tending to show principal's knowledge or assent to such acts. Fowlds v. Evans, 52 Minn. 551, 54 N. W. 743; Stewart v. Cowles, 67 Minn. 184, 69 N. W. 694; Crosno v. Bowser Mill Co. 106 Mo. App. 236, 80 S. W. 275.

Agent may not go outside of his general authority. Richmond v. Greeley, 38 Iowa, 666.

*Thorp & Chase,* for respondent.

At common law an auctioneer had no authority to bind the seller by a warranty of the goods sold, unless specially instructed so to do. 4 Cyc. 1040; 3 Am. & Eng. Enc. Law, 491 (3).

But at common law, an agent (not an auctioneer) having authority to sell personal property had implied power to warrant the quality thereof, and bind his principal by such warranty, and this particularly applied to the warranty of horses. 31 Cyc. 1353; First Nat. Bank v. Robinson, 105 Iowa, 463, 75 N. W. 334.

Direct and positive affirmation that an animal is sound amounts to a warranty of soundness. 35 Cyc. 388; Brown v. Bigelow, 10 Allen, 242; Murphy v. McGraw, 74 Mich. 318, 41 N. W. 917; Marsh v. Webber, 13 Minn. 109, Gil. 99; Hobart v. Young, 63 Vt. 363, 12 L.R.A. 693, 21 Atl. 612.


SPALDING, Ch. J. Plaintiff and respondent purchased a horse of defendant and appellant at an auction sale of farm property, through appellant's auctioneer, one Cornwall. This action was brought to recover the amount paid for the horse, and for damages occasioned by its having the glanders when purchased, by reason of a breach of warranty made by the auctioneer. The defense was a general denial.

Verdict and judgment were in favor of the plaintiff for $115 and costs.

Before proceeding to a consideration of the errors assigned, we think this a suitable occasion to call attention to some of the unnecessary expense of litigation, and to the rules of this court. Attorneys are becoming very lax in observing the rules governing procedure in this court, most of which are intended to reduce to the minimum the cost of litigation, and to aid the court in readily arriving at a conclusion on the merits of the different propositions presented. Rule 7 provides how cases shall be settled, and what the statement of the case shall contain when not to be tried anew in this court, and requires the evidence to be reduced to a narrative form, except in those particulars in which a transcript of part of the stenographer's minutes becomes necessary to preserve the sense or present the particular points of error, and that all superfluous matter, including all evidence not bearing upon the specifications, is to be rigorously excluded, and that the stenographer's minutes of the trial shall not constitute a statement of the case, and will not be so regarded by this court. And rule 12 provides how the abstract may be prepared, and that everything material to the question to be decided should be preserved and everything else omitted. If attorneys would observe these rules, this court would be relieved of much unnecessary labor, and litigants of a considerable portion of the expense of appeals. In the case at bar, under such rule, this court would appear to be justified in disregarding the abstract, as it appears to be practically a transcript of the evidence taken. It consists of 138 printed pages, at least four times the amount of printing necessary to raise the questions presented.

1. The first error assigned and relied upon is that there was no evidence offered, and none introduced, showing or tending to show that the defendant warranted the horse in question. We do not understand that respondent contends that the defendant personally warranted the horse, but rather that the horse was warranted by the auctioneer at the time of the sale and in making the sale, and that the defendant is bound by such warranty for a breach thereof, hence this assignment need not be noticed.

2. It is urged that there is a total failure of proof of authority on the part of the auctioneer to warrant the horse. We do not understand

that the fact of a warranty by him is questioned; at least if it is, appellant's brief contains no discussion of that subject, and the evidence is sufficient to sustain the finding which must have been made by the jury that the auctioneer did warrant the horse; so we pass to the contention that there is a failure of proof of authority to the auctioneer to warrant. Appellant cites several authorities holding that an auctioneer cannot warrant in the absence of authority so to do. The rule he relies on is undoubtedly the rule of the common law, and would prevail here in the absence of a statute, but this case must be governed by the law of this state as fixed by legislative enactment. It is very simple. Section 5799, Rev. Codes 1905, so far as applicable, provides: "An auctioneer, in the absence of special authorization or usage to the contrary, has authority from the seller only as follows: . . . 3. To warrant in like manner with other agents to sell according to § 5776." Section 5776 reads: "An authority to sell personal property includes authority to warrant the title of the principal and the quality and quantity of the property."

It will be seen from the terms of § 5799 that the exceptions to the authorization of an auctioneer to warrant are negative rather than positive. This would appear to exclude the principal from the right held to apply in some cases of agency, to show secret instructions not to warrant. An attempt was made in this case to show such instructions, but appellant was not permitted to do so without showing that respondent was made aware that such instructions had been given before or at the time of purchase. This court has passed upon the law on this question, as applied to the ordinary selling agent, in Canham v. Plano Mfg. Co. 3 N. D. 229, 55 N. W. 583. In that case the agent's powers were restricted by written instructions. His written authorization was excluded from evidence, and it was held not to be error, in view of the purchaser having had no notice of the restriction of the agent's power, and that, if restricted in his authority, he, having possession of the property sold, would still have authority to warrant as to all persons who did not have actual or constructive notice of the restrictions upon his powers. In the case at bar the auctioneer had apparent authority to warrant the quality, the jury found he did so, and the Canham Case is controlling.

3. The third assignment is without merit, and goes to the necessity

of pleading and proving that the defendant authorized the auctioneer to warrant. As we have shown, this question is settled by the statute. The judgment is affirmed.