Bingham v. Stewart et al.

A. W. BINGHAM

*vs.*

WALTER STEWART et al.

From a judgment in this action before a Justice of the Peace, in favor of the plaintiff, the defendants appealed, on questions of both law and fact, to the District Court, in which at the proper time they asked leave to amend their answer, by alleging that the note was given for a debt of School District No. 30, of Olmsted County, and that they signed and executed it, only as, and in the official capacity of, trustees of the district, and that at the making and delivery of said instrument, it was agreed by and between the plaintiff and the defendants, that said instrument should be the promissory note of the School District, and not the note of the defendants. The Court decided the motion "*exclusively*" on the ground, that it had no authority to allow any amendment that would change the issue made, and tried before the justice. The appeal was before, and the trial in the District Court after, the passage of Chapter 93 of the laws of 1868. *Held*, That it is competent for the District Court, on such appeals, to allow any amendment, the same as if the case had been commenced in that Court.

That the law of 1868 related to the trial, and not to the taking of the appeal, and therefore its application in this case is not giving it a retroactive effect.

That the facts which the defendants asked to set up, by way of amendment, would constitute a defense if properly alleged and proven.

This is an appeal, taken by the defendants, from a judgment of the District Court of Olmsted County. The case is sufficiently stated in the opinion of the Court.

JONES & BUTLER for Appellants.

Bingham v. Stewart et al.

The Court erred in refusing to allow the amended answer offered by defendant which was refused by the Court " exclusively upon the ground and for the reason that district courts have no authority or discretion to allow any amendments of pleadings made in justices' courts upon appeals therefrom, which would change the issue," to which decision exception was taken. *Genl. Stats., p.* 463, *sec.* 104; *Sess. Laws* 1868, *p.* 135, *chap.* 93, *sec.* 2.

The Court has the same power to permit this amendment in this case as though the action had been originally commenced in the District Court.

The justice's act, and the amendment cited, do not affect in any way the power of the District Court as to the allowance of amendments—that power is granted and limited only by the statute relating to civil actions, with the single exception that upon an appeal on questions of law alone (a substitute for a *certiorari*) the appeal is to be heard upon the return of the justice. There is absolutely no restriction upon the power of the court to allow amendments before trial. *Gen. Stats., cited ante*; 7 *How. Pr. R.*, 294 ; *Troy & Boston R. R. Co. vs. Tibits*, 11, *ib.*, 168 ; *Dauchy vs. Tyler*, 15 *ib.* 399.

*a.* But were it the law that the Court has no power to grant an amendment changing the issue, that is not the case here.

The issue would not have been changed by the amendment proposed.

The previous answer was a denial, the complaint being an oral one upon the note.

The amendment proposed was but a modification or qualification of that denial, out of superabundant caution, in order to apprise the opposite party of the precise defense relied upon.

The pleadings presented but one issue, viz.: " Is the note sued upon, the note of defendants ?"

The proposed amendment does not change this issue, but simply states facts by which the plaintiff is informed who he may sue and recover.

Stearns & Start for Respondent.

I.—The Court below did not err in refusing to allow the proposed amendment to the defendants' answer. There were no affidavits accompanying the motion papers, giving any reason why the amendment should be allowed, or showing any excuse for the long delay in making the motion. Courts have no right to allow amendments to pleadings, arbitrarily. There must be facts shown which properly call for the exercise of a judicial discretion. *Gen. Stat. p.* 463, § 104; *Jackson vs. Smith*, 6 *Cowen*, 39; *Harrington vs. Slade*, 22 *Barber*, 161; *Sweet vs. Mitchell et al.*, 19 *Wis.* 524.

II.—The appeal to the District Court having been taken upon both questions of law and fact, the Court could not allow the amendment, for no question of law could be raised or tried in the District Court that was not raised and tried in the Justice Court and an exception taken thereto, and any amendment changing the issue " *ex necessitate* " raises new questions of law. *Gen. Stat., p.* 435, § 107.

*a.* An appeal is a strictly statutory right, and the defendants having availed themselves of this particular form of appeal must exercise their right, subject to all the restrictions and limitations imposed by the statute giving the right. *Tierney vs. Dodge*, 9 *Minn.*, 166; *Mitchell vs. Kennedy*, 1 *Wis.*, 511.

*b.* It is true that by the Session Laws of 1868, page 135, § 2, the rule of trial is modified where the appeal is taken

on both questions of law and fact, but the change applies only to appeals taken subsequent to the amendment of the law.

III.—District Courts have no authority to allow any amendment of pleadings made in Justice Court, upon appeals therefrom, which would change the issue. The issue is made up in the Justice Court, and where an appeal is taken parties come into the District Court to try the issues already formed, and any change therein would operate to their surprise and prejudice. *Wright vs. Delafield*, 25 *N. Y.*, 266.

*a.* But, say the appellants, the proposed answer does not change the issue, but the amendment is offered out of "super-abundant caution." Then surely there was no error in the District Court refusing to allow it.

IV.—The proposed answer if taken as true constituted no defense to the action. *Fowler vs. Atkinson*, 5 *Minn.*, 505 ; *Fowler vs. Atkinson*, 6 *Minn.*, 578.

VI.—To have allowed the amendment would have been an abuse of discretion on the part of the District Court.

VII.—If the Court had the right to allow the amendment, judgment will not be reversed unless it distinctly appears that the amendment would have been granted but for the supposed want of power. *Sammis vs. Brice*, 4 *Denio*, 576.


*By the Court.*—WILSON, Ch. J.—This action was brought on a promissory note, before a Justice of the Peace, in Olmsted County. From a judgment in favor of the plaintiff, the defendants appealed, on questions of "both law and fact," to the District Court. Defendants, at the proper time, in the District Court, asked leave to amend their answer, by alleging that the note was given for a debt of School

District No. 30, of said county, and that they signed and executed it, only as, and in the official capacity of trustees of the district, and "that at the making and delivery of said instrument, it was agreed by and between the plaintiff and the defendants, that said instrument should be the promissory note of said School District, and not the note of the defendants." The Court "denied the motion *exclusively* upon the ground, and for the reason, that district courts have no authority or discretion to allow any amendment of pleadings made in justices' courts, upon appeals therefrom, which would change the issue." The correctness of this ruling is the question to be decided. The amendment having been denied "*exclusively*" on the ground stated, we must presume that it would have been allowed, but for the supposed want of authority; for it was a matter in the discretion of the Court below to disregard any informalities in the application for the amendment. We will therefore inquire whether the Court had the power to grant the relief prayed for.

It is settled, that in this State the district courts have concurrent jurisdiction with justices of the peace, in all cases, and having jurisdiction of the person and subject matter, it is clearly competent for the legislature to authorize them to allow *any* amendments, whether they change the issue tried before the justice, or raise new issues or not.

The fact that the case comes before the Court on appeal, does not limit its power to grant, or the power of the legislature to authorize amendments. The question presented, therefore, calls merely for an interpretation of our statute. When the appeal was allowed, the statute in force read, * * " Upon an appeal upon questions of both law and fact, the action shall be tried in the same manner, as if originally commenced in the District Court ; *provided*, that no ques-

Bingham v. Stewart et al.

tion of law shall be tried or raised in the District Court, except those tried or raised in the court below, and to which an exception was taken to the order made thereon by the justice, except objections to the jurisdiction of the court, and that the complaint or answer does not state facts sufficient to constitute a cause of action or defense." *Gen. Stats., chap.* 65, *sec.* 107.

Subsequently, and before the trial in the District Court, it was amended so as to read as follows : * * " Upon an appeal taken upon questions of fact alone, or upon question of both law and fact, the action shall be tried in the same manner as actions originally commenced in the District Court." *Laws of* 1868, *chap.* 93.

This law of 1868, is manifestly broad enough to allow the amendment which the defendants asked, for in respect to proceedings on the trial, it places appeals from justices of the peace on the same footing with cases commenced in the district courts. It repealed that portion of *section* 107, *chap.* 65, *Genl. Statutes*, which it did not re-enact, and therefore was the only law for the guidance of the courts, on the trial of appeal cases, after its passage. It related to the trial, and not to the taking of the appeal, hence its application in this case is not giving it a retroactive effect. The facts which the defendants asked to set up by way of amendment, would constitute a defence, if properly alleged and proven. *Bingham vs. Stewart*, 13 *Minn.* 106, *and cases there cited ; Bant vs. Leonard*, 40 *Barb.*, 119, 136, *and cases cited; Brockway vs. Allen*, 17 *Wend.*, 40.

The judgment appealed from is reversed.