WILLIAM DEERING vs. WILLIAM THOM.

May 9, 1882.

**Contract Signed by Agent—Parol Evidence to charge Principal.**—*Bingham* v. *Stewart*, 13 Minn. 106, and 14 Minn. 214, and *Pratt* v. *Beaupre*, 13 Minn. 187,—to the effect that one who signs a contract, affixing the word "agent" to his signature, the contract not disclosing any other person as principal, is *prima facie* liable upon it, but he may relieve himself by proof that he acted for and intended to bind another, for whom he was agent, and that when the contract was executed it was so understood and intended between him and the other party,—followed and applied.

**Agent—Sale on Approval or Return.**—An agent entrusted with personal property to sell may give one to whom he offers it a reasonable opportunity to try the article, and make a contract to take effect as a sale if it prove satisfactory.

Action by plaintiff in the district court for McLeod county on two promissory notes made by defendant, payable to the order of J. D. Easter & Co., and by the latter sold and assigned to plaintiff. Plaintiff appeals from an order by *Macdonald*, J., refusing a new trial, after a verdict for defendant.

*S. & O. Kipp*, for appellant.

*John N. Ives*, for respondent.

GILFILLAN, C. J. This action is brought on two instruments executed by defendant to J. D. Easter & Co., and by them transferred to the plaintiff. By one, defendant promised to pay said J. D. Easter & Co., or order, $100, and by the other to pay them $120, with interest, and to pay an attorney's fee if collected by suit. They recited that they were given upon the purchase of a Marsh harvester, on condition that the title or ownership should not pass until the notes were paid; the payees reserving the right to declare the notes due at any time they might deem themselves insecure, and to take possession of the harvester. Within the decisions in *Third Nat. Bank* v. *Armstrong*, 25 Minn. 530, and *Jones* v. *Radatz*, 27 Minn. 240, the instruments are not negotiable, and consequently the plaintiff took them subject to any defence that would be good against the payees named. The

evidence shows that they were given, as recited in them, on a contract for the sale, and for the consideration of a sale, by J. D. Easter & Co., of a Marsh harvester. The contract for the sale was made with defendant through one Schnell, agent for J. D. Easter & Co. At the same time with the contract for sale, and the execution of the instruments sued on, Schnell gave defendant an instrument as follows: "If the Marsh harvester don't work to his satisfaction, he, W. Thom, can return the machine to me, and I will return his notes for the same. A. M. Schnell, agent." It is not disputed that if this was binding on J. D. Easter & Co., defendant had a right to return the machine, if he was reasonably dissatisfied with the manner in which it worked. There was evidence enough to show that he had reason to be dissatisfied and was dissatisfied with it; and he tendered a return, but the agent refused to receive it.

The memorandum signed by Schnell is, standing alone and without anything to explain it, *prima facie* his contract, and not that of his principal, and the word "agent" affixed to his signature is, *prima facie, descriptio personæ*, and not as determining the character in which he contracted. But it was open to proof that it was the intention to bind his principal and not himself. *Bingham* v. *Stewart*, 13 Minn. 106; *Same* v. *Same*, 14 Minn. 214; *Pratt* v. *Beaupre*, 13 Minn. 187. There is nothing in the case to indicate the character in which Schnell executed the memorandum, except the instrument itself, and the circumstances under which it was executed,—to wit, that it was executed in transacting the business of his principals, that it refers to their business, and purports to be one of the terms of the contracts for sale which he was making for them. The jury were warranted in finding, from these circumstances, that it was intended and understood to be a part of the contract for the sale made by Schnell for his principals, and so as binding on them as any other term of the contract. The court left it fairly to the jury to determine whether it was intended to bind the principals or only the agent, and their decision settles it.

It is claimed that he had no authority to make any such stipulation as the memorandum contains. That he was authorized to sell the machine, and had it in his possession for that purpose, is con-

ceded, and no restriction of his authority to sell appears.. Taking the notes and the memorandum together, and the delivery of the machine to the defendant, the transaction amounted in substance to a contract for a sale, if the machine, on trial, should work to the defendant's satisfaction; the agent delivering the machine to him to make such trial.   Certainly, an agent entrusted with an article of personal property to sell, with no restriction of his authority, may give to any one to whom he offers it for sale a reasonable opportunity to ascertain if the article is such as he wants to buy; and whether he makes the contract for sale in advance, to take effect as a sale if the article prove to be such as the buyer wants, or makes the sale after the buyer has ascertained that fact, he is acting equally within his authority to sell.   In this case the agent made, in advance of giving defendant an opportunity to ascertain if the machine was such as he wished to buy, a contract, to be a sale if, on trial, it worked to defendant's satisfaction, and to be no sale if it did not.   He did not in that exceed his authority.

Order affirmed.