BOYNTON FURNACE COMPANY *vs.* S. C. CLARK and another.

January 14, 1890.

| 42 | 335 |
| 46 | 16 |
| 42 | 335 |
| 49 | 11 |
| 42 | 335 |
| 54 | 207 |
| 42 | 335 |
| 63 | 224 |
| 42 | 335 |
| 65 | 452 |
| 42 | 335 |
| 82 | 249 |

Sale—Written Order for Goods—Parol Evidence.—A written order for goods to be sent to the subscriber, considered as not being in itself a contract for the purchase of the goods, and hence as not precluding parol proof going to show that the goods which were subsequently sent to the subscriber, were not sent merely upon that order, but pursuant to a contract for the sale of the goods to other parties.

Same—Evidence—Relevant Facts—Contracts with Others.—The facts which, by the terms of a contract, entitle one of the parties to a recovery, are relevant, in an action for that purpose, although such facts consist of a contract between other parties, and its breach.

Same—Authority of Agent.—An agent selling furnaces for a specific use, and which were to be shipped by the vendor in detached parts, *held* to have implied authority to contract for putting the furnaces together, and for putting them into the buildings where they were to be used.

Action, brought in the district court for Mower county, to recover $94.89, the price of two furnaces. Counterclaim (besides defences) for $125. Trial before *Farmer*, J., and verdict for defendants for $112. Appeal by plaintiff from an order refusing a new trial.

*Johnson & Catherwood* and *Frank F. Reed*, for appellant.

*French & Wright*, for respondents.

DICKINSON, J. This is an action to recover the price of two furnaces, alleged to have been sold by the plaintiff to the defendants. The defendants deny that they purchased the furnaces, and claim that one of the furnaces was sold conditionally to one Taylor, and the other to one Sweningsen, for use in their respective dwelling-houses, and that the defendants' only duty as to the purchase price was, by agreement, to collect it from Taylor and Sweningsen, and to remit to the plaintiff. The defendants claim that the sales to Taylor and Sweningsen were made with the guaranty and condition that the furnaces should warm the houses of the purchasers at Austin, in this state, to their entire satisfaction, and that if they failed to do so they should be removed at the expense of the plaintiff; that it was also agreed between the parties that the defendants, who were engaged in the hardware and tin business at Austin, should put the furnaces into the houses of the purchasers, fit for use, and that, if the above condition or guaranty should fail, the plaintiff would pay the defendants for putting in the furnaces; and for this the defendants set up a counterclaim in this action. The case being tried before a jury, the verdict was for the defendants upon their counterclaim.

The principal contention is upon an alleged error of the court in receiving parol proof of the actual agreement between one Jones, the agent of the plaintiff through whom the transaction on its part was conducted, and Taylor, Sweningsen, and the defendants, relating to the sale. This evidence went to show the agreement to have been such as the defendants claim it to have been, as above stated. It is urged on the part of the plaintiff that parol evidence was inadmissible, because the contract had been reduced to writing, and that the evidence in question contradicted or varied the written evidence of the agreement. It appears that Jones, acting for a branch house of the

plaintiffs located at Chicago, came to Austin, and negotiated with the defendants, Taylor, and Sweningsen concerning the sale of two furnaces, and an agreement was arrived at, the nature of which is involved in the issues in this action. Jones then prepared two instruments, which the defendants signed, one relating to each furnace, and which, as the plaintiff claims, constituted a written contract of sale to the defendants. The recital of one of these will show the character of both:

"Austin, Sept. 1st, 1886.

"The Boynton Furnace Co., Chicago, Ill.:

"Please send us, as soon as convenient after Sept. 6, to my address, via C., M. & St. Paul, at rebate rates of freight, and at prices mentioned below:

"Terms, 5 per cent. cash, or four months from Sept. 15. All claims for deduction to be made within ten days from date of invoice.

"Number 1. One No. 44 Climax Steel Radiator, with casings. Price for the above 50 and 10 off.

"Purchaser will certify the above is correct by signature.

"S. C. CLARK & Co.

"Address: Austin, Minn."

The furnaces were afterwards sent to the defendants, and they put them in the houses of Taylor and Sweningsen, but, as the evidence went to show, the same proved to be insufficient, and not in accordance with the guaranty. They were never paid for.

Even if the written instruments, one of which is given above, were to be regarded as embodying the agreement of the parties, it is clear that the whole agreement is not there expressed, and parol evidence of the agreement, so far as not inconsistent with the legal effect of the writings, would be admissible. Thus, if the writing be looked upon as evidence of a sale, it is apparent that it included an agreement as to the price, but the price is not stated. Read in the light of the facts shown by the evidence, it is apparent, and is not disputed, that "50 and 10 off" means 50 per cent. and 10 per cent. off the schedule price-list, which the parties consulted at the time of

the transaction in question. But the instrument is not in itself a contract. No obligation was assumed or agreement expressed on the part of the plaintiff. It is a mere order for goods, upon terms in part specified, and there was no *contract* of sale expressed in the writing. It may be that it contemplated a sale to be effected by the delivery of the goods as specified in the. order. But even after the forwarding of the goods, and the receipt of them by the defendants, was this instrument to be conclusively regarded as the written and best evidence of a contract thus completed? It doubtless would be, so far as the writing expressed the terms upon which the goods were to be sent, if, as a fact, the goods were sent and received merely upon the written order. But that is the very matter in controversy here; and the order, being in itself no contract, and expressing no agreement on the part of the plaintiff, was not effectual to exclude proof of the fact that the goods were *not* sent upon this order merely, but pursuant to a sale made to Taylor and Sweningsen, and an agreement that the goods should be sent to the defendants, to be by them put in place and adjusted for use in the residences of the purchasers. The written contract of parties is not, of course, to be contradicted or varied by parol evidence of the agreement, but the rule presupposes a written contract, and, unless there be one, parol proof of the facts in issue is not excluded. The contention of the plaintiff, that this writing rendered inadmissible the parol proof, assumes as conclusively established the very fact in controversy. The writing itself, which upon its face was not a contract, does not justify the assumption.

As to one of the furnaces, the plaintiff executed a written guaranty as to what the furnace should accomplish; and as to the other a like guaranty was orally given. The appellant, claiming that these guaranties were matters of contract between the plaintiff and Taylor and Sweningsen, respectively, assigns as error the fact that the defendants were allowed to present them in evidence in this case. This was not error, for, according to the evidence supporting the defendants' counterclaim, it was agreed between them and the plaintiff's agent that if the guaranties failed, the plaintiff should pay the defendants for putting in the furnaces, which, in that event, the pur-

chasers were not required to keep or pay for. The defendants were properly permitted to prove the conditions which, by the terms of their agreement, entitled them to a recovery.

It is further insisted on the part of the plaintiff that there could be no recovery by the defendants under their counterclaim for putting in the furnaces, because Jones, the plaintiff's agent, was not shown to have had authority to make such an agreement. It appears by the evidence on the part of the plaintiff that Jones was its travelling solicitor and salesman. It appears, too, that the plaintiff sent these furnaces in pieces or parts, not put together in a condition for use. The evidence goes to show that the plaintiff, through its agent, sold these furnaces (which were not present nor subject to the inspection of the purchasers) for use in the residences of Taylor and Sweningsen, and sold them to them with warranty, as he was presumably authorized to do. *McCormick* v. *Kelly*, 28 Minn. 135, (9 N. W. Rep. 675;) *Deering* v. *Thom*, 29 Minn. 120, (12 N. W. Rep. 350;) and cases cited in 1 Am. & Eng. Cy. Law, 358, 359. If the agent had contracted unconditionally with the defendants to put the furnaces together, and put them in the houses ready for use, it seems to us that it would have been properly within the scope of the authority with which he is to be presumed to have been invested, and the plaintiff would have been liable to the defendants under that contract. The agent had presumably authority to sell upon the condition that the furnaces should answer the particular known purpose for which, as the evidence tended to show, they were sold; (*Deering* v. *Thom*, 29 Minn. 120, 12 N. W. Rep. 350; *Oster* v. *Mickley*, 35 Minn. 245, 28 N. W. Rep. 710;) and no reason is apparent to us why the agent should not be deemed to have been empowered to contract that, if the furnaces should be found to comply with the guaranty, the entire price to be paid should cover the expense of putting them in; but if they did not so comply, that such expense should be borne by the plaintiff.

An examination of the evidence satisfies us that upon the issues a case was made for the determination of the jury, and that we ought not to disturb the verdict, which has been approved by the trial court.

Order affirmed.