McCORMICK HARVESTING-MACHINE COMPANY *vs.* ALFRED THOMPSON and others.

### April 2, 1891.

**Agency—Construction of Written Contract—Parol Evidence Inadmissible.**—By the terms of a written contract between the parties, the defendants were constituted the plaintiff's agents for the sale of its harvesting-machines and binding-twine. The contract contained minute provisions relating to the agency and the manner in which it was to be conducted, and was obviously intended to embody the whole contract of the parties relating to the subject, so that proof of further contemporaneous agreements, made orally, would be inadmissible. The contract also gave to the defendants the election to *purchase* the twine at a specified price, instead of taking it for sale under the agency. *Held*, that as to that matter the written contract must be deemed to embody the whole of the agreement then made, so as to exclude proof by parol of a warranty of the quality of the twine.

Appeal by defendants from an order of the district court for Grant county, *Brown*, J., presiding, granting a new trial after a verdict of $1,221.02 in their favor.

*J. W. Reynolds*, for appellants.

*Taylor, Calhoun & Rhodes*, for respondent.

DICKINSON, J.[1]  In the spring of 1887 the plaintiff and the defendants Oleson and Thompson entered into a contract in writing, by the terms of which the plaintiff constituted the said defendants its agents for the sale of its harvesting-machines, binding-twine and wire during that season, and within certain specified territory; and the defendants accepted such agency. The written agreement sets forth at considerable length various obligations imposed and assumed by the respective parties in connection with the agency, which need not be here more particularly referred to. It is necessary to direct attention particularly only to the provisions of this contract relating to the subject of binding-twine. It specifies the price at which twine

[1] Vanderburgh, J., took no part in this case. Mitchell, J., took no part in the decision, being absent when it was filed.

was to be supplied or charged to the agents, and the price per pound to be allowed them as commissions for selling; but it further contemplated that the agents might "purchase" twine from the plaintiff, and specified that in such case an allowance of 20 per cent. of the prices before stated should be made. By this action the plaintiff seeks to recover a balance unpaid upon what is claimed to have been an account stated for twine sold to the defendants under this contract. The defendants put in issue the statement of the account, admit the purchase of the amount of twine claimed by the plaintiff to have been sold to them, and set up a warranty as to the quality of the twine, and a breach of the warranty. It appears that the warranty relied upon by the defendants was made, if at all, orally at the time the parties entered into the written contract above referred to, and that there was no contract made at any other time, except that the defendants in writing ordered the twine to be sent to them. At the trial the court allowed proof of the oral warranty contemporaneous with the making of the written contract; but afterwards, deeming this to have been error, a new trial was allowed on motion of the plaintiff. The defendants appealed.

As we understand, it is not claimed that the written order for twine to be sent embraced any terms of agreement. Being a mere order for goods, it would not exclude parol evidence of any agreement of the parties pursuant to which it was made. *Boynton Furnace Co.* v. *Clark*, 42 Minn. 335, (44 N. W. Rep. 121.)

In considering whether the formal written contract, to which we have referred, is to be deemed to have embodied the whole agreement of the parties, so as to exclude proof of contemporaneous oral representations or agreements, we seek to apply the principles laid down in *Thompson* v. *Libby*, 34 Minn. 374, (26 N. W. Rep. 1.) The question, then, is whether, upon its face, this written contract appears to embody a complete expression of the agreement of the parties, so far as relates to a sale of the twine. If so, proof of the contemporaneous negotiations, representations, or agreements should not be received. Without reciting the various provisions of this writing, so far as it relates to the agency of the defendants, we will say that it is obviously complete in itself, and intended to embody the contract into

which the parties entered. Other stipulations prior to or contemporaneous with the making of this contract, could not be introduced by parol proof. It could not have been shown, for instance, that the plaintiff made any oral warranty as to the quality of the twine which it was to furnish to these agents for sale. Thus far there can be no doubt. But when it is considered how the agreement respecting a *sale* of twine, instead of a consignment for sale on commission, is incorporated in the contract, which in other particulars is full and complete, we are led to the conclusion that, as to sales of twine contemplated by this contract, it is to be deemed to express fully the agreement of the parties then or theretofore made; and that, as to twine then ordered by the defendants as purchasers, or thereafter ordered without any further agreement being made, proof of a warranty made orally was inadmissible. We have referred to the provision in the contract contemplating a purchase of twine, at the election of the defendants, instead of consignments to and sales by them as the agents of the plaintiff, and. fixing the price for twine to be sold to them. There are other provisions running through the instrument which are applicable as well to the contemplated sale to the defendants as to their agency for the plaintiff. For instance, the plaintiff agrees to supply all twine ordered so long as its stock shall last, and the defendants agree to handle no twine obtained from any other source without permission in writing. Whether, if this agreement were not thus incorporated in the contract, which in its general scope and terms is certainly and obviously intended to embrace a complete agreement, the rule excluding parol proof would be applicable, we do not assume to decide. The completeness of the contract, so far as most of its provisions are concerned, and the intimate relation to these of the provision respecting sales of twine, instead of an agency, are important features of the case. As this is the only point considered by the court below, and as the decision was right, we will not consider whether the order is sustainable on other grounds.

Order affirmed.