C. AULTMAN & Co. *vs.* C. J. FALKUM.

Argued Nov. 16, 1892.    Decided Dec. 16, 1892.

**Warranty on the Sale of Harvesting Machine—Written or Oral.**

It is competent for a purchaser to prove, in an action to recover the purchase price of a chattel, that it was sold to him with a verbal warranty of quality, notwithstanding the existence of a subsequent written warranty, if the latter is void on the ground that it was procured by fraud.

**Answer Construed.**

The answer in this case, though informal, *held* sufficient to allow the admission of evidence that the article sold was useless and of no value.

**Verdict Supported by the Evidence.**

Evidence *held* sufficient to support the verdict.

Appeal by plaintiff, C. Aultman & Co., a corporation, from an order of the District Court of Mower County, *Farmer,* J., made July 21, 1892, refusing a new trial.

The defendant C. J. Falkum, on July 20, 1888, bought of plaintiff a Buckeye Folding Binder and agreed to pay $145 for it. M. J. Vial was plaintiff's agent, and came to defendant's farm in Bennington, Mower county, and proposed to sell him a machine; said it was first class, made of good material, and would do good work, as good as any machine in the market. Defendant told him he would buy it. Four days after he went to the agent's office in Spring Valley and signed an order for the machine; the order was not read to defendant. He was a Norwegian and could not read English. The agent told him it was simply an order for the machine. The order stated the purchase was made subject to a warranty printed on the

back of it. This warranty was not read or referred to. It set forth the terms of the warranty, and then stated that, if on one day's trial the machine does not perform as warranted the purchaser agrees to give C. Aultman & Co., or its agent, notice, and allow time to remedy the defect, and if it cannot be made to fill the warranty, the purchaser is to return it to the place where he received it. More than one day's use of the machine shall be considered an acceptance of it, and a fulfillment of the warranty.

. At the time defendant signed the order, nothing was said about this written warranty on its back. Defendant gave his three notes for the price, one for $45, and two for $50 each. The machine did not work well. It broke, and was repaired and tried again, and was used several days, but finally proved to be incapable of doing good work. Defendant did not return it or attempt to use it again, and refused to pay for it.

The plaintiff brought this action upon one of the notes. Defendant answered alleging the oral warranty made at his house and the failure of the machine to fulfill that warranty, and claimed as damages the difference between its value as it was, and its value if it had been as warranted. He also claimed damages for several days' time of himself, team and hired men in attempting to make the machine work, in all $200. Plaintiff replied setting out the warranty on the back of the order, and alleging that defendant kept and used the machine more than one day, and did not return it. On the first trial defendant had a verdict for $138.09, which the trial court reduced $43.20, and refused a new trial. On appeal to this court the refusal was reversed. 47 Minn. 414. A second trial was had March 22, 1892, when defendant again had a verdict for $100. Plaintiff again moved for a new trial, and being denied, appeals.

*E. E. Smith, Johnson & Catherwood* and *Gilger & Harrison*, for appellant.

If the defendant intended to impeach the written contract on the ground that his signature was fraudulently obtained thereto, and that it did not express the true contract, he should have alleged in his answer the making of the written contract and facts showing the

fraud, and then set forth what he claimed to be the true contract of sale. *Thompson* v. *Libby*, 34 Minn. 374; *American Mfg. Co.* v. *Klarquist*, 47 Minn. 344; *Bradford* v. *Neill*, 46 Minn. 347; *Hills* v. *Rix*, 43 Minn. 543.

If a person constitutes another his agent for the sale of merchandise and furnishes him with the kind of warranty he is to give, a purchaser, who has knowledge that such a warranty was furnished the agent, cannot accept a parol warranty from the agent different in its terms, and require the principal to comply with such oral warranty. That defendant knew that the plaintiff had furnished the agents who sold this machine a printed warranty is undisputable. Vial testified that he read it to him, and that Falkum took it in his hands and examined it, and this is entirely uncontradicted. *Wood Mowing & Reaping Mach. Co.* v. *Crow*, 70 Iowa, 340; *Kessler* v. *Smith*, 42 Minn. 494; *Warner* v. *Fischbach*, 29 Minn. 262.

The court allowed the witness Charles Falkum to testify to the number of times he went after repairs for this machine. This was immaterial to any issue in the case, and tended to bring before the jury the element of special damages in loss of time. *Johnson Harvester Co.* v. *Clark*, 31 Minn. 165.

*French & Wright*, for respondent.

Defendant had no reason to suppose plaintiff would rely upon this written warranty, knowing the manner in which it was obtained. He was not obliged to anticipate what the plaintiff might set up in his reply and allege matters which avoid the allegations so set up. *Wakefield* v. *Day*, 41 Minn. 344; *Adamson* v. *Wiggins*, 45 Minn. 448; *Aultman & Co.* v. *Olson*, 34 Minn. 450.

The allegations with reference to loss of time of hired help, teams, etc., are all immaterial and are not proper items of damage and can be rejected as surplusage.

Two juries have passed upon this evidence and have found that Falkum's signature to the order was obtained by fraud. If his signature to the order was procured by fraud and deception, then there was no written contract of sale, and the printed warranty was not binding upon him. *Frohreich* v. *Gammon*, 28 Minn. 476; *Maxfield*

v. *Schwartz*, 45 Minn. 150; *Aultman & Co.* v. *Falkum*, 47 Minn. 414.

It was not shown that Falkum knew that the agent's authority was limited to the printed warranty.

VANDERBURGH, J.   Upon the former appeal, 47 Minn. 415, (50 N. W. Rep. 471,) it was held that the court properly submitted to the jury the question whether the plaintiff's signature to the order containing the written warranty set up in the reply, and relied on by the plaintiff, was procured by fraud, and also whether he purchased the machine in controversy upon a previous verbal warranty.

And these were the principal questions upon the second trial of the case, and were necessarily determined as questions of fact, as we think, upon sufficient and competent evidence.   The defense to the action which is brought to recover the purchase price of the machine was the breach of the alleged verbal warranty set up in the answer, which also contains a counterclaim for damages.   It was not necessary to refer to the subsequent written warranty in the answer, because, if void for fraud, the defendant would be permitted to impeach it, if set up by the plaintiff and produced on the trial.   It was new matter which the plaintiff was obliged to set up in its reply.

The answer is sufficient to warrant the proof of damages sustained, in that it sets up the warranty and breach; that the machine did not work well, broke down, and was useless; and claims damages in the sum of $200.   The answer is informal and inartificially drawn, and contains irrelevant matter; but it is sufficient to admit evidence under it, and the case properly proceeded to trial on the merits.   As the verdict limits damages to the amount of the price paid for the machine and interest, and the evidence shows nothing more, all other items of damage are eliminated from the case, and are unnecessary to be considered.

The answer shows the amount of the consideration agreed to be paid for the machine for which the defendant executed his notes,— being for $100 and interest in addition to the note sued on,—and that the machine proved to be worthless.   These facts, upon establishing the warranty and breach, would, under the charge of the court, authorize the recovery of the amount which the jury allowed;

and the recovery ought not to be defeated, and the parties put to the expense of a new trial, because the amount of the damages specified and claimed is a different sum in round numbers, $200, and because the answer alleges items of damage which cannot be allowed in the action.

Had these been stricken out, the allegation would have been that the defendant, by reason of the premises, has been put to and sustained loss and damage, to wit, in the sum of $200. The defendant could not have been misled or prejudiced on the trial by the informality. Upon the question of the warranty, and the alleged fraud of plaintiff's agent in procuring the written contract, the plaintiff, to our minds, did not make a strong case; but we are of the opinion that the evidence was sufficient to warrant the submission of this issue to the jury, and this court would hardly be warranted in interfering with the verdict, especially after a second trial.

The plaintiff's agent, who was intrusted with the sale of its machines, was presumptively authorized to sell with warranty, no restrictions appearing, and the defendant was not bound by private instructions limiting his authority, of which he had no notice. *Flatt* v. *Osborne,* 33 Minn. 98, (22 N. W. Rep. 440.) And in *C. Aultman & Co.* v. *Olson,* 34 Minn. 450, (26 N. W. Rep. 451,) the defendant was permitted to prove a verbal warranty, notwithstanding the existence of a written contract which was procured by fraud. Now, in this case, the evidence of the defendant tended to show that the terms of sale, including the alleged warranty, were stated to him on his own premises; that they were afterwards assented to by him, and he so notified the plaintiff's agent at his office, who said it was all right, and asked him "to sign the order." Defendant could neither read nor write in English, and the writing which he signed was not read or explained to him, further than that the agent said it was "an order for the machine." It had annexed to it or indorsed upon it the written warranty on which plaintiff relies, but defendant's attention was not called to it. Assuming that his evidence is true, the agent must have known that the defendant did not know its contents, but relied upon his statement as to what it was, and that it was simply an order for the machine.

We have very carefully examined the record, and think there was no prejudicial error in the rulings of the court or in its charge as given.    The object of an exception to a particular portion of a charge is to call the attention of the court to an alleged error, so that the court may correct it, if so advised.    In referring to the evidence in this case, the court did, in one instance, err in its statement thereof, but corrected it on its attention being called to it, and then left the matter fairly to the jury.    No other questions require consideration.

Order affirmed.

(Opinion published 53 N. W. Rep. 875.)