GAAR, SCOTT & COMPANY v. WILLIAM J. PATTERSON and Another.[1]

65    449
f81    14

July 8, 1896.

Nos. 10,047—(167).

### Sale—Breach of Warranty.

Several specifications of error relating to the rulings made on the trial of this action, which was brought upon promissory notes, the defense interposed being based upon a warranty of a threshing machine for which the notes were given, and a breach thereof, considered and disposed of.

### Same—Verdict Sustained.

*Held*, that the evidence was sufficient to sustain a finding that the machine in question was sold to defendants upon a verbal warranty, and that it was sufficient to support the verdict in defendants' favor for damages growing out of a breach of said warranty.

Appeal by plaintiff from an order of the district court for Murray county, P. E. Brown, J., denying a motion for a new trial. Affirmed.

*Jay Henry Long* and *John M. Rees*, for appellant.
*T. J. Knox* and *H. C. Grass*, for respondents.

COLLINS, J. This was an action upon three promissory notes executed and delivered by defendants in part payment for a steam threshing machine. The defense set up in the answer was a breach of warranty of the machine, with a large claim for damages said to have been caused by the breach. The verdict was for defendants in a sum exceeding $1,000, and plaintiff appeals from an order denying a new trial.

From the evidence it appears that defendants ordered from the plaintiff corporation, through the agents of the latter at Luverne, Minnesota, a threshing machine of a certain description, to be loaded on the cars at Richmond, Indiana, on or before July 25, 1893, and shipped to Luverne. This order, partly printed and partly written, was in the usual form of such instruments, containing the customary warranty, with certain conditions to be complied with by defendants should the machine fail to fulfill the warranty. It also contained a condition

[1] Reported in 68 N. W. 69.

that it was not to be binding on plaintiff until accepted by it, and entered upon the books of the corporation. As part payment for the machine, defendants, when giving the order, turned over and delivered to plaintiff an old machine, at an agreed value, which the latter immediately sold and disposed of. About the time the new machine should have reached Luverne, defendants went there to receive it. It had not arrived, and while waiting, the latter claim, they were informed that plaintiff would not or could not furnish the machine ordered. It is their claim that it was then agreed that the contract evidenced by the order should be rescinded and abandoned, and that, upon the same terms as to price and dates of payment, defendants should take a machine then on its way to Luverne, which reached there soon afterwards.

It was also testified to by defendants that, in consideration of their agreement to take another machine, the plaintiff, through its agents, verbally warranted it to be made of good materials, and that it would do good and satisfactory work; and they further claimed that no conditions of the kind we have mentioned, as contained in the order, were imposed upon them, should the machine in question fail to comply with the terms of the verbal warranty. As might be expected, plaintiff contended that there was no rescission or abandonment of the written contract, but that in filling the order it was not strictly complied with; that, in some nonessential particulars, changes were made which were satisfactory to defendants, and that the machine delivered was upon the order, and upon no other contract; that there was no warranty of any kind, except that found in the order itself; and that the machine was delivered and the notes given in accordance and as a compliance with the provisions of the order, not otherwise. This question, then, was for the jury, and while, from the undisputed evidence, it would appear that there was no material difference between the machine ordered and the one received, there was testimony tending to support the defendants' contention that the contract embraced in the order was abandoned when plaintiff's agents informed defendants that their order would not or could not be filled in strict accordance with its terms. In passing, we may here say that there was no proof that plaintiff ever accepted the order, and if it depends on the instrument itself, introduced in evidence, it is quite clear that it was not accepted in form.

Counsel for plaintiff urge that if there was evidence to justify a finding that the contract contained in the written order was abandoned, and another machine purchased under a verbal warranty, it was incumbent upon defendants to notify plaintiff that the terms of the warranty were not fulfilled, and to offer to return the machine before a cause of action could arise for breach of the warranty. But, if the machine was purchased as claimed by defendants, the verbal warranty was absolute. It was unconditional, and defendants' right to rely upon it did not depend upon an agreement to notify plaintiff, that it might have an opportunity to remedy the defects; or upon an offer to return. The case of Rowell v. Oleson, 32 Minn. 288, 20 N. W. 227, cited by counsel, is not at all in point. For a breach of the warranty, defendants had a right of action, and, when sued upon the notes, could enforce their right by counterclaiming the amount of their damages. The testimony of one of the defendants, relied upon by counsel, shows, at most, that they had the privilege of returning the machine if it did not fill the warranty, but this remedy was not exclusive. They might retain the machine, and have their action for the breach. Maxwell v. Lee, 34 Minn. 511, 27 N. W. 196; Fitzpatrick v. D. M. Osborne & Co., 50 Minn. 261, 52 N. W. 861. Again, a part of the consideration for the new was the old machine, which had been sold and disposed of by plaintiff long before the new machine was delivered. From this fact it is apparent that the parties did not intend that rescission of the contract of sale should be the exclusive remedy in case of a breach of warranty. The sale could not be rescinded, for plaintiff could not restore the old machine to defendants' possession.

Counsel for plaintiff make several other points in their brief in support of their claim that there should be a new trial. They contend that the written instrument was an unconditional sale of the machine therein described, that there was no consideration for the oral agreement said to have been made and that it was of no effect, because agents with power to sell have no authority to rescind, or to consent to an abandonment of, a contract already made with their principals. These claims are all answered by a brief recapitulation of the facts. Defendants gave an order for a threshing machine of a certain description, turning in and delivering as part payment an old machine. It was expressly stipulated in the order that plaintiff, to whom the or-

der was given, should not be bound by its terms until it was accepted in a certain manner. It was not accepted in form, and from the evidence the jury was justified in finding that plaintiff expressly declined to accept it, or to ship the only machine defendants had ordered, or were bound to receive. The evidence also tended to show that, when advised of plaintiff's declination to fill the order as it was given, a new agreement was entered into, under which defendants received the machine for which they gave the notes in question. Included in this agreement or new bargain was a verbal warranty, and defendants claim that there was a breach of this warranty. On these questions of fact plaintiff is concluded by the verdict, and nothing further need be said.

Counsel also make the point that there was no testimony offered tending to show that threshing machines are usually sold with a warranty; claiming that, because of this, defendants failed to establish a defense. If by this contention counsel mean that it was necessary for defendants to show that threshing machines are usually sold with a warranty, before it could be presumed that plaintiff's agents were authorized to warrant the one over which this controversy has arisen, attention is called to McCormick v. Kelly, 28 Minn. 135, 9 N. W. 675; Deering v. Thom, 29 Minn. 120, 12 N. W. 350; Boynton Furnace Co. v. Clark, 42 Minn. 335, 339, 44 N. W. 121; C. Aultman & Co. v. Falkum, 51 Minn. 562, 53 N. W. 875.

Under one of their assignments of error, counsel have raised the claim that the verdict was clearly against the weight of evidence and was the result of passion and prejudice. This same claim was presented and disposed of below on the hearing of the motion for a new trial. As to the amount of the verdict, it may be said that it was strictly within the instructions of the court, to which counsel took no exception, and that it was warranted by the evidence. If the amount was large, counsel for plaintiff must bear in mind that they produced little or no evidence tending to contradict that of defendants as to the agreed price for the old machine delivered to plaintiff, and sold by it, the agreed price being stated to be $900, and no evidence whatsoever upon the question of the real value of the new machine, and, further, that they failed to cross-examine defendants' witnesses who testified that it was worthless. If they chose to let all this testimony as to the price agreed upon for the old machine,

and that the new was of no value because it would not fill the warranty, go to the jury without contradiction, they are in no position to urge that the amount of damages allowed was excessive.

There are quite a number of assignments of error which we have not referred to. Upon examination we fail to discover that the trial court erred in any of the rulings covered by these assignments, and they need not be specially discussed.

Order affirmed.